

**FILED**

Jun 30 2015, 10:56 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Leanne S. Titus
Bryan K. Redmond
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Charles E. McFarland
New Castle, Kentucky

Mary Jean Stotts
Joas & Stotts
Madison, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But Solely as Trustee for the Primestar-H Fund I Trust,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>Ty Bowling and Asset Acceptance, LLC,<br><br>*Appellees-Plaintiffs.* | June 30, 2015<br><br>Court of Appeals Case No. 39A05-1409-MF-433<br><br>Appeal from the Jefferson Circuit Court.<br>The Honorable Fred H. Hoying, Senior Judge.<br>Cause No. 39C01-1210-MF-945 |

**Garrard, Senior Judge**

[1] Ty Bowling executed a promissory note and secured the note by executing a mortgage on property located in Madison, Indiana. He later defaulted on the note. A complaint was filed naming Bowling and a judgment lien holder, Asset

Acceptance, LLC,[1] as defendants to the action. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the Prime Star-H Fund I Trust, brings this interlocutory appeal from the trial court's order granting partial summary judgment in favor of Wilmington on the issue of enforcement of the note but finding genuine issues of material fact existed precluding entry of summary judgment on the mortgage foreclosure. We affirm.

[2] Bowling executed a promissory note in the principal amount of $166,500 on March 31, 2006, with Oak Street Mortgage LLC as the named payee. The parties dispute whether the note was endorsed in blank. Wilmington claims that the note is endorsed in blank and that it holds the original note that is signed but not endorsed. Bowling agreed in his affidavit that the original promissory note is endorsed in blank, but argues that there should be an allonge containing special endorsements by the various intervening holders that he claims are part of a real estate mortgage investment conduit, or REMIC. Bowling claims that the prospectus for the pertinent REMIC requires a special endorsement which would convert the bearer instrument to one payable to the identified payee, and that the trial court erred by concluding that the note was a

---

[1] Asset Acceptance, LLC is a judgment lienholder as to Bowling and was named a defendant to answer to its interest in the mortgaged property. Asset did not participate in the proceedings below and has not participated in this appeal. However, pursuant to Indiana Appellate Rule 17(A) "[a] party of record in the trial court . . . shall be a party on appeal."

bearer instrument without waiting for the completion of additional discovery about the allegedly missing allonge.

[3] The mortgage document listed Mortgage Electronic Registration Systems, Inc. as a nominee for Oak Street, and MERS was also named a mortgagee. MERS assigned the mortgage as nominee for Oak Street to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed-Certificates, Series 2006-HE5. JPMorgan Chase Bank, NA, attorney-in-fact for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed-Certificates, Series 2006-HE-5 assigned the mortgage to EMC Mortgage LLC f/k/a EMC Mortgage Corporation. Each of these assignments was recorded.

[4] Later, Bowling executed a loan modification agreement with EMC Mortgage Corporation. After Bowling stopped making payments, EMC Mortgage filed a complaint on the promissory note and sought a decree to foreclose the mortgage on the secured real estate. The various assignments were attached to the complaint. EMC Mortgage subsequently assigned the note to Wilmington, the assignment was recorded, and Wilmington was substituted as party plaintiff to the action.

[5] Wilmington filed a motion for summary judgment, and the trial court granted its motion in part, but denied its motion in part. Wilmington appeals from the trial court's order. Bowling also raises cross-appeal issues.

[6] Our review of the trial court's order on a motion for summary judgment involves the same analysis used by the trial court. *Cherokee Air Prods., Inc. v. Buchan*, 14 N.E.3d 831, 833-34 (Ind. Ct. App. 2014). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 834. The moving party bears the burden of making a prima facie showing of those two requirements. *Id.* Upon that showing, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact by way of specifically designating facts. *Id.* We accept as true those facts alleged by the non-moving party, construe the evidence in favor of the non-moving party, and resolve all doubts against the moving party. *Id.*

[7] The trial court granted summary judgment as to the enforcement of the promissory note. Bowling admitted that he defaulted on the note secured by the mortgage by failing to make the required payments. However, he cross-appeals from the trial court's partial grant of summary judgment, contending that the trial court erred by concluding that Wilmington was the holder of a bearer instrument. Wilmington contends that the trial erred by failing to enter a decree of foreclosure after concluding that Wilmington was entitled to enforce the note.

[8] The evidence designated to the trial court established that Wilmington was in possession of the original promissory note that was endorsed in blank, and the complete chain of recorded assignments, which was designated, established who held the note and mortgage at various times. JPMorgan Chase assigned the mortgage to EMC on September 20, 2012, and EMC filed the complaint on October 11, 2012. EMC was the holder of the note and mortgage at the time the complaint was filed.

[9] Bowling argues that his online research of the prospectus of the pertinent REMIC pooling and servicing agreement reflects that the assignees of the mortgage and note were required to transfer possession by a special endorsement that must be reflected on an allonge. In other words, Bowling challenges Wilmington's standing to foreclose on the note and mortgage because of a breach of the pertinent PSA, which is reflected by the absence of the allonge.[2]

[10] In general, only the parties to a contract or those in privity with the parties have rights under the contract. *Evan v. Poe & Assocs., Inc.*, 873 N.E.2d 92, 98 (Ind. Ct. App. 2007). Only where it can be demonstrated that the parties clearly intended to protect a third party by imposing an obligation on one of the contracting parties can the third party enforce the agreement. *Id.* Here, the designated evidence does not establish that Bowling was a party to the PSA nor

---

[2] Indiana Code section 26-1-3.1-204 (1993) defining endorsement includes "a paper affixed to the instrument." None was attached to the note in this case.

was there an intent to protect him as a third party such that he can enforce any obligation under the PSA.

[11]     In *Wells Fargo Bank, N.A. v. Strong*, 89 A.3d 392, 398 (Conn. App. Ct. 2014), the court cited D. Caron & G. Milne, Connecticut Foreclosures (5th Ed. 2011) § 30-3. p. 401, which discussed borrowers' attempts to attack the holder status of a plaintiff seeking to foreclose on mortgaged property by invoking the terms of a PSA, also referred to as a trust document.  The borrower, who is not a party to such an agreement, may not challenge its enforcement.  *Id*.  The parties to the PSA are the certificateholders, a trustee, and a servicer, and a borrower has no contractual privity with them.  *Id.*  Further, in *In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa 2012), the court noted an apparent judicial consensus that had developed "holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement, *i.e.*, the PSA."  We find these holdings persuasive and conclude that Bowling cannot attack Wilmington's holder status by way of invoking the PSA.  The trial court properly found that the designated evidence established that the note was a bearer instrument and as a holder of it Wilmington was entitled to enforce the note.  Ind. Code § 26-1-3.1-301 (1993).

[12]     Two of Bowling's cross-appeal issues contest the trial court's grant of partial summary judgment in the absence of Bowling receiving satisfactory discovery responses from Wilmington.  More specifically, Bowling sought discovery from

Wilmington about the alleged allonge reflecting the trail of special endorsements made pursuant to the applicable REMIC prospectus.

[13] Bowling correctly cites *Boyd v. WHTIV, Inc.*, 997 N.E.2d 1108, 1113 (Ind. Ct. App. 2013) for the proposition that summary judgment should only be granted where the parties have adequate time to complete discovery. Trial courts generally will deny summary judgment when there are pending discovery requests that might impact the trial court's ability to rule on the motion. *Collins v. HSBC Bank USA, Nat'l Ass'n*, 974 N.E.2d 537, 541 (Ind. Ct. App. 2012). Here, Bowling, as the borrower, could not challenge the enforcement of the PSA or noncompliance with it. Therefore, to the extent Bowling did not have the discovery responses he sought, the responses would not have had an impact on the trial court's ability to rule on the issue of enforcement of the note.

[14] Further, other options were available to Bowling to complete the discovery to his satisfaction. Bowling could have requested the production of documents to EMC, now a non-party, by way of Indiana Trial Rule 34. Bowling also could have moved under Indiana Trial Rule 56(F) for additional time in which to complete discovery prior to responding to the summary judgment motion or could have filed another motion to compel under Indiana Trial Rule 37. Neither of these cross-appeal arguments support a reversal of the trial court's grant of partial summary judgment as to the promissory note.

[15] Next, Bowling asks whether a substituted party plaintiff, in this case substituted under Indiana Trial Rule 25(C), who stands in the shoes of the original party,

can avoid providing discovery requested of the original party, but not provided. However, Bowling frames the issue as trial court error in partially granting the motion for summary judgment when discovery was not yet complete. The trial court's order that is the subject of this interlocutory appeal is the partial grant and partial denial of summary judgment, not an order pertaining to discovery. To avoid waiver and receive proper review on appeal, an argument should be raised first at the trial court level to allow the opposing party the opportunity to respond and allow the trial court the opportunity to consider the issue and reach a decision before it is taken up on appeal. *Lunsford v. Deutsche Bank Trust Co. Americas as Trustee*, 996 N.E.2d 815, 819 (Ind. Ct. App. 2013). Bowling has waived this cross-appeal issue.

[16] Wilmington argues that the trial court determined that it was not entitled to foreclose the mortgage. Its assertion is incorrect. The trial court determined that as simply a holder of the note, Wilmington was not entitled to summary judgment on the foreclosure question. It determined that there remained genuine factual disputes concerning the defenses alleged by Bowling that were available against a holder. If at a trial on the merits Wilmington prevailed against the defenses, it would be entitled to foreclosure.

[17] Furthermore, this result is not altered by the provision in the mortgage concerning foreclosure. We suspect this argument was advanced due to Wilmington's belief that the court had determined it could not foreclose the mortgage. The provision merely provides that upon an uncured default the lender may accelerate the balance due and may foreclose the mortgage by

judicial proceeding. It is an advisement to the mortgagor and is not intended to expand the right of foreclosure beyond the otherwise applicable judicial proceedings.

[18] The trial court did not err by denying summary judgment on foreclosure of the mortgage and granting it on the note.

[19] Affirmed.

Najam, J., and Riley, J., concur.