ATTORNEYS FOR APPELLANT
John M. Sedia
Highland, Indiana

ATTORNEY FOR APPELLEES DORDIESKI &
BRUSKOSKI
James L. Clement, Jr.
Merrillville, Indiana

ATTORNEYS FOR APPELLEE LAKE COUNTY
PLAN COMMISSION
George C. Patrick
Scott A. Pyle
Crown Point, Indiana

# In the
# Indiana Supreme Court

_____

No. 45S05-0606-CV-223

SUSAN KOZLOWSKI,

*Appellant (Plaintiff below),*

v.

DORDIJA DORDIESKI, LANA DORDIESKI,
JON BRUSKOSKI, LIBERTY BRUSKOSKI,
LAKE COUNTY PLAN COMMISSION,

*Appellees (Defendants below).*

_____

Appeal from the Lake Circuit Court, No. 45C01-0108-CP-859
The Honorable Lorenzo Arrendondo, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 45A05-0502-CV-86

_____

**June 22, 2006**

**Shepard, Chief Justice.**


A remonstrator to a real estate development sought judicial relief. She prevailed in the
Court of Appeals, which remanded for further proceedings. She then sought injunctive relief in a

1

different court, which granted summary judgment against her on grounds that it "lacked subject matter jurisdiction." Actually, the second court did have subject matter jurisdiction, but was right to grant judgment because the same matter was pending in the court where the first action had been heard.

**Facts and Procedural History**

In 1992, Dordija and Lana Dordieski and Jon and Liberty Bruskoski ("Dordieski") petitioned the Lake County Plan Commission for approval of a subdivision and a waiver of certain subdivision ordinance requirements. The Commission approved the subdivision and the waiver. Susan Kozlowski filed a petition for writ of certiorari in Lake Superior Court Room Five, challenging the Commission's decision. Over the next eight years, Dordieski made various improvements to the real estate that complied with the Commission's approval and waiver, but not with certain aspects of the subdivision ordinance. On May 19, 2000, the Lake Superior Court affirmed the Commission's decision and denied Kozlowski's petition for stay of work.

The Court of Appeals reversed, stating that "[t]he Commission's decision . . . appears to be based solely on 'unspoken and unpresented facts not contained in the record,' . . . and therefore is not supported by substantial evidence of probative value. We accordingly reverse and remand to the Commission for further proceedings consistent with this opinion." Kozlowski v. Lake County Plan Commission, No. 45A05-0006-CV-253, slip op. at 5 (Ind. Ct. App. January 30, 2001) trans. not sought.

Later in 2001, Kozlowski filed a complaint for injunctive relief seeking demolition of the improvements and an injunction against any further work, this time in Lake Circuit Court. The Plan Commission intervened, and in April 2003 filed its Findings of Fact and Conclusions of Law in both the Circuit Court and Superior Court Room Five. The Circuit Court granted the Commission summary judgment, stating that it did not have subject matter jurisdiction, but rather Lake Superior Court Room Five did. The Court of Appeals affirmed the Circuit Court's decision, holding that "the trial court correctly concluded that it lacked subject matter jurisdiction

over these proceedings." Kozlowski v. Dordieski, No. 45A05-0502-CV-86, slip op. at 7-8 (Ind. Ct. App. July 26, 2005). These decisions got to the right place, but "subject matter jurisdiction" was not the right reason.

## Action Pending Elsewhere

The Lake Circuit Court certainly possessed subject matter jurisdiction (the power to hear the class of disputes to which the one in question belonged). "The circuit court has original jurisdiction in all civil cases and in all criminal cases, except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." IND. CODE ANN. § 33-28-1-2(a) (West 2004). The Lake Superior Court is likewise a court of general jurisdiction. IND. CODE ANN. §§ 33-33-45-3, -6 (West 2004).

However, this case is not about subject matter jurisdiction, but rather priority. "As a general principle . . . when an action is pending before an Indiana court, the other Indiana courts must defer to that court's authority." 7 I.L.E. Courts § 87 (2000). Indiana Trial Rule 12(B)(8) allows a defendant to assert as an affirmative defense that the same action is pending in another state court. "The rule recognizes that two courts may not simultaneously exercise jurisdiction over what amounts to the same case." Centex Home Equity Corp. v. Robinson, 776 N.E.2d 935, 945 (Ind. Ct. App. 2002). Both Dordieski and the Commission asserted this defense in their responsive pleadings, as required by Trial Rule 12(H)(1)(b).[1]

"Two cases are the same if the parties, subject matter, and remedies sought are substantially the same in both suits." Pivarnik v. N. Indiana Pub. Serv. Co., 636 N.E.2d 131, 134

---

[1] Dordieski asserted in the answer that the matter was remanded to the Commission for further proceedings, and therefore the circuit court lacked "jurisdiction over the subject matter." (Appellees'/Dordieskis' App. at 4.) This characterization was understandable, given the prevalence among this state's bench and bar of viewing various procedural defenses through a jurisdictional lens. See Mishler v. County of Elkhart, 544 N.E.2d 149, 151-52 (Ind. 1989) (recognizing that Indiana courts use "jurisdiction over the particular case" to describe a venue issue); City of Terre Haute v. Beach, 96 Ind. 143 (1884) (one of the earliest Indiana cases using the phrase "jurisdiction over the particular case" and equating it with subject matter jurisdiction); Indiana State Bd. of Health Facility Adm'rs v. Werner, 841 N.E.2d 1196, 1204-05 (Ind. Ct. App. 2006) (analyzing procedural AOPA issue as "jurisdiction over the particular case" issue); In re Chapman, 466 N.E.2d 777, 778-80 (Ind. Ct. App. 1984) (calling venue issue "jurisdiction over the particular case" issue).

3

(Ind. 1994).  In the 1992 certiorari petition, Kozlowski challenged the Commission's approval of the Dordieski subdivision.  (Appellant's App. at 19; Appellees'/Dordieskis' App. at 1-2.)  In the 2001 complaint for injunctive relief, Kozlowski sought demolition of the Dordieski subdivision improvements and an injunction against similar construction.   (Appellees'/Dordieskis' App. at 2.)  The only difference for 12(B)(8) purposes lies in Kozlowsi's request in the second action to demolish the improvements, while the first action sought to prevent them from being made.  Both cases had substantially the same parties, subject matter, and remedies sought.  The Lake Circuit Court was right to refrain from exercising authority over this case.

## Conclusion

We hereby affirm the trial court's order granting the Commission summary judgment and direct any further proceedings involving substantially similar parties, subject matter, and remedies sought to occur in Lake Superior Court Room Five.

**Dickson, Sullivan, Boehm, Rucker, JJ., concur.**

4