Susan **KOZLOWSKI**, Appellant–
Petitioner,

v.

**LAKE COUNTY PLAN COMMISSION,
Dordija Dordieski, Lana Dordieski,
Jon Bruskoski, And Liberty Bruskoski, Appellees–Defendants.**

No. 45A03–0909–CV–430.

Court of Appeals of Indiana.

May 25, 2010.

---

Susan Kozlowski, Kozlowski Law Offices, Crown Point, IN, Appellant Pro Se.

James L. Clement, Lucas, Holcomb & Medrea, LLP, Merrillville, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Susan Kozlowski appeals the denial of her motion for summary judgment regarding her claims against Dordija and Lana Dordieski (the "Dordieskis"), Jon and Liberty Bruskoski (the "Bruskoskis," and the Dordieskis and the Bruskoskis together, the "Owners"), and the Lake County Plan Commission (the "Commission"). Kozlowski raises one issue, which we revise and restate as whether the trial court erred in denying her motion for summary judgment. The Owners raise the issue of whether they are entitled to appellate attorneys' fees. We affirm the trial court, grant the request for appellate fees, and remand for a determination of the Owners' reasonable appellate attorneys' fees.

The relevant facts follow. This case began eighteen years ago. In 1992, the Owners filed a petition with the Lake County Plan Commission for approval of a two-lot subdivision and a waiver of certain provisions of the Lake County Subdivision Control Ordinance requiring an 18-foot blacktop road and a maximum lot depth-to-width ratio of 3.5 to 1. Kozlowski, an adjacent landowner, remonstrated against the subdivision. Following public hearings in March and April of 1992, the Commission approved the subdivision and the waiver on April 7, 1992.

In May 1992, Kozlowski filed a petition for writ of certiorari in Lake Superior Court Room Five (the "Superior Court") challenging the Commission's decision. During the following years, the Owners made various improvements to the real estate that complied with the Commission's approval and waiver. On April 13, 2000, Kozlowski filed a verified petition for stay of work. On May 19, 2000, the Superior Court affirmed the Commission's decision and denied Kozlowski's petition.

Kozlowski appealed the determination of the Superior Court, and in an unpublished memorandum decision dated January 30, 2001 (the "2001 Opinion"), this court reversed, stating in part that "[t]he Commission's decision ... appears to be based solely on 'unspoken and unpresented facts not contained in the record,' ... and therefore is not supported by substantial evidence of probative value" and that "[w]e accordingly reverse and remand to the Commission for further proceedings consistent with this opinion." *Kozlowski v. Lake County Plan Comm'n,* No. 45A05–0006–CV–253, 742 N.E.2d 555, slip op. at 5 (Ind.Ct.App. January 30, 2001) (citation omitted).

Then, in August 2001, Kozlowski commenced a separate action against the Owners in the Lake Circuit Court (the "Circuit Court") seeking the demolition of the improvements and an injunction against any further work. The Commission intervened in the Circuit Court proceedings. In April 2003, the Commission filed Findings of Fact and Conclusions of Law in both the Circuit Court and the Superior Court proceedings.[1] The Circuit Court granted the Commission summary judgment, ruling that further proceedings should continue in the Superior Court. *See Kozlowski v. Dordieski,* 849 N.E.2d 535, 536–537 (Ind. 2006). This court and ultimately the Indiana Supreme Court affirmed the Circuit Court's summary judgment ruling.[2]

---

1. The Commission's Findings of Fact and Conclusions of Law were dated April 2, 2003.

2. Specifically, the Circuit Court granted the Commission summary judgment on the basis of jurisdiction, and this court affirmed the

*See Kozlowski v. Dordieski,* No. 45A05–0502–CV–86, 831 N.E.2d 1270, slip op. at 7–8 (Ind.Ct.App. July 26, 2005), *affirmed on other grounds; Kozlowski,* 849 N.E.2d at 537–538.

On July 17, 2006, Kozlowski filed a complaint in the Superior Court seeking injunctive relief, including the demolition of all improvements on the real estate owned by the Owners and a permanent injunction enjoining the Owners from constructing any improvements "substantially the same as the improvements constructed as a result of the improper granting of the variances by the Commission on April 7, 1992." Appellant's Appendix at 74.

■■■ On May 12, 2009, Kozlowski filed a motion for summary judgment and

a memorandum in support of her motion.[3] In her memorandum, Kozlowski argued that "[s]imply put, the Court of Appeals denied Dordieski[s'] petition for subdivision approval" and that "[w]ithout subdivision approval, the improvements are illegal." Appellant's Appendix at 81. Kozlowski argued that "[t]he building and improvements now existing upon the real estate that are now in violation were constructed by [the Owners] at their peril and permanent injunctive relief is still the appropriate remedy to mitigate the violation...." *Id.* at 82. Kozlowski also argued that "[i]f the [Commission] has not removed the subdivision designation from the real estate in compliance with the Court of Appeals ruling, it should be ordered to do [so]." *Id.* at 83.[4]

Circuit Court's decision on the basis that it lacked subject matter jurisdiction. *Kozlowski,* No. 45A05–0502–CV–86, 831 N.E.2d 1270, slip op. at 7–8 (Ind.Ct.App. July 26, 2005); *Kozlowski,* 849 N.E.2d at 536–537. In its June 22, 2006 opinion, the Indiana Supreme Court also affirmed the Circuit Court's decision, but it did so on the basis of priority, and the Court directed "any further proceedings involving substantially similar parties, subject matter, and remedies sought to occur in Lake Superior Court Room Five." *Kozlowski,* 849 N.E.2d at 536–538.

3. The record shows that Kozlowski first filed a motion for summary judgment on June 26, 2007, and the Owners filed a response to Kozlowski's motion for summary judgment and a cross-motion for summary judgment on July 26, 2007. The Commission filed a response and designated evidence in August 2007 in response to Kozlowski's motion for summary judgment. In their appellees' brief, the Owners state that "[t]he trial court denied both motions." Appellee's Brief at 3. However, the Owners do not cite to the record to show that the Superior Court denied these summary judgment motions.

In addition, the record shows that Kozlowski also filed a motion for a default judgment against the Owners and the Commission in June 2007, which the Superior Court denied. Kozlowski also sought interlocutory appeal in March 2008, but this court declined to accept

jurisdiction. Kozlowski then filed a motion for the Superior Court to issue a final appealable order in September 2008 and the Owners filed a motion to stay the litigation in October 2008, but the Superior Court denied both motions.

4. We note that Kozlowski did not submit a separate designation of evidence; instead, her motion for summary judgment stated: "Plaintiff files contemporaneously herewith her Memorandum in Support of her Motion for Summary Judgment which she designates as evidence in support of her Motion for Summary Judgment." Appellant's Appendix at 76. In *Filip v. Block,* the Indiana Supreme Court held that a party's designation of evidence may be placed in a motion for summary judgment, a memorandum supporting or opposing the motion, a separate filing identifying itself as the designation of evidence, or an appendix to the motion or memorandum. 879 N.E.2d 1076, 1081 (Ind.2008), *reh'g denied.* The Court stated that "[i]f the designation is not in the motion itself, it must be in a paper filed with the motion, and the motion should recite where the designation of evidence is to be found in the accompanying papers." *Id.* Here, it appears that Kozlowski designated her memorandum itself as evidence. In general, briefs or memoranda may not be considered as evidence in ruling on a motion for summary judgment. *Auffenberg v.*

On June 15, 2009, the Owners filed a response to Kozlowski's motion for summary judgment and a cross-motion for summary judgment. The Owners argued that they were entitled to summary judgment because the Commission "conducted further proceedings consistent with the Court of Appeals opinion" and because "Kozlowski failed to object to the validity of the Commission's findings in a timely manner." *Id.* at 110, 111. On June 11, 2009, the Commission filed its response to Kozlowski's second motion for summary judgment and designated evidence in support of its response. The Commission argued in its response that Kozlowski waived her opportunity to object to the Commission's April 2, 2003 findings when she failed to follow the proper mechanism for judicial review. On August 27, 2009, the Superior Court denied Kozlowski's motion for summary judgment and granted the cross-motion for summary judgment filed by the Owners.

## I.

The first issue is whether the Superior Court erred in denying Kozlowski's motion for summary judgment. Our standard of review for a trial court's denial of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.*

Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. *Catt v. Bd. of Comm'rs of Knox County*, 779 N.E.2d 1, 3 (Ind.2002).

Kozlowski appears to argue that the Superior Court erred in denying her motion for summary judgment on the basis that the Commission was precluded from issuing additional findings. Specifically, Kozlowski argues that "[a]ll of the facts have already been determined by the Indiana Court of Appeals" in the 2001 Opinion and that "[t]he remand instruction to the Commission simply instructs the Commission to delete the subdivision and restore the real estate to its prior classification." Appellant's Brief at 5–6. Kozlowski argues that "the Court of Appeals reversal [in the 2001 Opinion] in the instant case is a reversal of the grant of variance, and a final judgment between the parties as to that variance request" and that "[s]imply stated, there is nothing the [Commission] can do to un-reverse the reversal of the variance." *Id.* at 7.

The Owners argue that the Commission conducted further proceedings pursuant to the 2001 Opinion. Specifically, the Owners argue that "[h]ad the Court of Appeals wanted the Commission in this case to take the specific action of denying the application, they would have included such an instruction." Appellee's Brief at 12. The Owners argue that "it is not necessary to guess or speculate what the Court of

*Bd. of Trustees of Columbus Regional Hosp.*, 646 N.E.2d 328, 330 (Ind.Ct.App.1995). Kozlowski's memorandum in support of her motion set forth various facts but did not cite to designated evidence in support of those facts or recite where the evidence was to be found. We remind Kozlowski that "the entire desig-nation must be in a single place, whether as a separate document or appendix or as a part of a motion or other filing," *Filip*, 879 N.E.2d at 1081, and that "briefs or memoranda may not be considered as evidence in ruling on a motion for summary judgment." *Auffenberg*, 646 N.E.2d at 330.

Appeals meant when it remanded the case to the Commission" because:

> The Court of Appeals in the subsequent appeal in the Circuit Court matter explained exactly what it meant: ... "we reject Kozlowski's contention that that this court's holding operated as a denial of the waivers of the ordinance provisions that the Commission had initially granted ... [and] it is without dispute that this court remanded the case directly to the Commission to make a final determination regarding the waiver issue."

*Id.* at 13 (quoting *Kozlowski,* No. 45A05–0502–CV–86, slip op. at 6–7, *affirmed on other grounds* ). The Owners further argue that Kozlowski failed to timely object to the validity of the Commission's April 2, 2003 findings. Specifically, the Owners argue that Kozlowski "failed to file a petition for writ of certiorari" as required "within thirty (30) days of the [Commission's] decision," that "Kozlowski never filed any response or objection in [the Superior Court]," that "Kozlowski had a number of legal remedies available to her ... that she chose not to pursue," and that Kozlowski's "[f]ailure to seek judicial review in a timely manner is fatal." *Id.* at 15–16.

■ The Commission initially approved the subdivision and the waivers requested by the Owners on April 7, 1992. Kozlowski challenged the Commission's approval in the Superior Court by filing a petition for writ of certiorari. Although the Superior Court affirmed the Commission's deci-

sion, we reversed the Commission's decision in the 2001 Opinion. *Kozlowski,* No. 45A05–0006–CV–253, slip op. at 5. Specifically, we held that "[t]he Commission's decision ... appears to be based solely on unspoken and unpresented facts not contained in the record, ... and therefore is not supported by substantial evidence of probative value." *Id.* (internal quotation marks and citation omitted). Accordingly, we reversed and "remand[ed] to the Commission for further proceedings consistent with [the] opinion." *Id.*

To the extent that Kozlowski argues that "[t]he remand instruction to the Commission simply instructs the Commission to delete the subdivision and restore the real estate to its prior classification," *see* Appellant's Brief at 5–6, we disagree and observe that the language set forth in this court's 2001 Opinion remanding "to the Commission for further proceedings" did not operate as a denial of the waivers or disapproval of the subdivision and did not require the Commission, upon conducting further proceedings, to deny the waivers or to disapprove of the subdivision requested by the Owners. *See Kozlowski,* No. 45A05–0006–CV–253, slip op. at 3–5. We remanded the case directly to the Commission to make a determination regarding whether the requested waivers and subdivision should be granted based upon evidence of probative value without explicit instructions or directives as to the Commission's ultimate determination.[5] *Id.*

---

5. In her appellant's brief and in her summary judgment motion, Kozlowski cites to the case of *Burcham v. Metropolitan Bd. of Zoning Appeals,* 883 N.E.2d 204 (Ind.Ct.App.2008), and argues that "[l]ike *Burcham,* the ruling in the instant case is the law of the case and conclusive as to all matters within its scope, precluding any action by the [Commission]" and that "[l]ike *Burcham,* the Court of Appeals reversal [in the 2001 Opinion] in the instant case is a reversal of the grant of vari-

ance, and a final judgment between the parties as to that variance request." Appellant's Brief at 7. In *Burcham,* a retail fireworks store petitioned the board of zoning appeals for a variance requesting to sell fireworks at its store location. *Burcham,* 883 N.E.2d at 207–208. The board granted the variance and the trial court affirmed. *Id.* at 208. On appeal, this court in a 2003 memorandum opinion (*"Burcham 1"*) found that the board's decision granting the store's petition

Thus, contrary to Kozlowski's argument, it was not improper for the Commission to issue findings and conclusions after conducting further proceedings.

The Commission filed Findings of Fact and Conclusions of Law in the Superior Court in April 2003. According to the Superior Court's chronological case summary entry dated April 28, 2003, the Commission "file[d] its findings of fact & conclusions of law, reviewed, considered & apprvd [sic] on 4–2–03 at its public meeting." Appellant's Appendix at 10. In its response to Kozlowski's motion for summary judgment, the Commission designated as evidence the "April 2, 2003 Findings of Fact & Conclusions of Law of the [Commission]" and the "April 28, 2003 CCS filed by [the Commission]." *Id.* at 89.

Ind.Code § 36–7–4–1003 provides that "[e]ach decision of . . . the board of zoning appeals is subject to review by certiorari," that "[e]ach person aggrieved by a decision of the board of zoning appeals . . . may file with the circuit or superior court of the county in which the premises affected are located, a verified petition," and that "[t]he

person shall file the petition with the court within thirty (30) days after the date of that decision of the board of zoning appeals." Ind.Code § 36–7–4–1016 provides that decisions of the plan commission related to subdivision control [6] "may be reviewed by certiorari procedure in the same manner as that provided for the appeal of a decision of the board of zoning appeals . . . ." [7]

Here, Kozlowski does not point to any designated evidence showing that she filed a verified petition, a response, or otherwise challenged the April 2, 2003 findings and conclusions of the Commission in the Superior Court or the Circuit Court prior to the expiration of the thirty-day time period. According to the Superior Court's chronological case summary entry dated July 1, 2005, the Commission filed a "motion for summary acceptance of its findings of fact and conclusions of law and for dismissal of action." Appellant's Appendix at 10.

On August 1, 2005, Kozlowski filed "Plaintiff's Response to Lake County Plan Commission's Motion for Summary Acceptance of Findings of Fact and Conclusions

for a variance of use was unsupported by evidence in the record and reversed the trial court's judgment affirming the board's decision. *Id.* at 208. In *Burcham 1*, we reversed without remand. Later, the zoning board modified its findings and again approved the variance requested by the fireworks store, and the trial court again affirmed. *Id.* at 209–210. On appeal from the second variance approval, we noted that "[t]he language we used when reversing in *Burcham 1* left the trial court without authority to take any action except to order the [zoning board] to reverse the grant of [the] variance," that "our reversal was for all practical purposes a reversal of the [zoning board's] grant of the variance," and that for the same reasons "*Burcham 1* was, in fact, a final judgment between [the] parties as to the validity of the . . . variance." *Id.* at 215.

In this case, as previously mentioned, the language set forth in this court's 2001 Opinion remanding to the Commission for further

proceedings did not operate as a denial of the waivers or disapproval of the subdivision and did not require the Commission to deny the waivers or to disapprove of the subdivision. Thus, unlike in *Burcham*, our previous memorandum decision in this case was not "for all practical purposes a reversal of the [Commission's] grant of the variance" or "a final judgment between [the] parties as to the validity of the . . . variance." *See Burcham*, 883 N.E.2d at 215. Indeed, we explicitly directed the Commission to conduct further proceedings. *See Kozlowski*, No. 45A05–0006–CV–253, slip op. at 5. Thus, we find *Burcham* to be distinguishable.

6. *See* Ind.Code § 36–7–4–700 through § 36–7–4–712.

7. We also note that Ind.Code § 36–7–4–1007 provides in part that "[t]he allowance of the writ of certiorari does not stay proceedings or work on the premises affected."

of Law and for Dismissal of Action." *Id.* at 123. In her response, Kozlowski appears to have argued that the Commission was not permitted to file findings of fact and conclusions of law based upon the language of this court's 2001 Opinion and that "[t]he so-called Findings of Fact and Conclusions of Law amounted to nothing more than a regurgitation of the original [Commission] decision which was reversed" and that "[t]he filing of the so-called Findings of Fact and Conclusions of Law with this court was therefore meaningless." *Id* at 123–124.[8] We note that Kozlowski's response, which appears to challenge the Commission's April 2003 findings and conclusions, was filed with the Superior Court only after the Commission filed a motion requesting the Superior Court to accept the findings and conclusions, which was over two years (and well over thirty days as required by Ind.Code §§ 36–7–4–1003 and–1016) after the Commission issued its decision.

Based upon our review of the record, we conclude that Kozlowski failed to timely petition the Superior Court to review the Commission's April 2, 2003 decision and that Kozlowski was not permitted to challenge the Commission's findings as late as August 1, 2005. *See* Ind.Code § 36–7–4–1003; *Bright PCS/SBA Communications v. Seely,* 753 N.E.2d 757, 758–759 (Ind.Ct.

App.2001) (reversing the decision of the trial court and remanding with instructions to grant the appellant's motion to dismiss the appellee's petition for writ of certiorari seeking review of a zoning variance determination by a board of zoning appeals where the appellee failed to file its petition writ of certiorari within the thirty-day period required by Ind.Code § 36–7–4–1003), *reh'g denied; Shorewood Forest Property Owners Ass'n, Inc. v. Porter County Plan Com'n,* 478 N.E.2d 124, 125–126 (Ind.Ct. App.1985) (noting that a decision of a plan commission involving the replat of a subdivision is a final appealable decision and that a petition for review by certiorari of the plan commission's decision must be filed within thirty days from the date of the decision under Ind.Code §§ 36–7–4–1003 and 36–7–4–1016). Accordingly, it was proper for the Superior Court to deny Kozlowski's motion for summary judgment.[9]

## II.

▮ The next issue is whether the Owners are entitled to appellate attorneys' fees. Ind. Appellate Rule 66(E) provides that this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall re-

8. According to the chronological case summary, the Superior Court denied the Commission's motions to accept its findings and conclusions and for dismissal on February 8, 2007. On February 16, 2007, the Owners filed a motion for clarification of the Superior Court's February 8, 2007 order. The chronological case summary does not appear to show that the Superior Court specifically ruled on the motion for clarification.

9. Kozlowski also argues that "the findings of fact entered by the [Commission]" were not "done pursuant to a public hearing with notice to all affected parties" and that "[e]ven if, *arguendo*, those findings were to be consid-

ered, they still do not address any of the reasons for which the original [Commission] decision was reversed; i.e. unspoken and unpresented facts not contained in the record." Appellant's Brief at 9. However, Kozlowski does not point to designated evidence showing that she was not aware of the Commission's April 2003 determination.

Also, as previously mentioned, the Superior Court granted the Owners' cross-motion for summary judgment. Kozlowski does not appear to challenge, and thus we do not address, the Superior Court's ruling on the Owners' cross-motion for summary judgment.

mand the case for execution." Our discretion to award attorneys' fees under Ind. Appellate Rule 66(E) is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel* 797 N.E.2d 342, 346 (Ind.Ct.App.2003) (citing *Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151, 152 (Ind. 1987)). In addition, while Ind. Appellate Rule 66(E) provides this court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Id.* (citing *Tioga Pines Living Ctr., Inc. v. Ind. Family & Social Serv. Admin.,* 760 N.E.2d 1080, 1087 (Ind.Ct.App.2001), *affirmed on reh'g, trans. denied* ).

▮ Indiana appellate courts have classified claims for appellate attorneys' fees into substantive and procedural bad faith claims. *Id.* (citing *Boczar v. Meridian Street Found.,* 749 N.E.2d 87, 95 (Ind. Ct.App.2001)). To prevail on a substantive bad faith claim, the party must show that "the appellant's contentions and arguments are utterly devoid of all plausibility." *Id.* Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* at 346– 347. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. *Id.* at 347.

▮ The Owners argue that this case "has been languishing in the courts for more than seventeen (17) years," that Kozlowski has pursued actions "in two (2)

different courts," that Kozlowski has filed this "third appeal despite the fact that it is clear from prior opinions of this Court and the facts of this case, that her action is fatal to her cause," and that "[t]his most recent appeal is nothing more than an attempt to continue to harass [the Owners] and cause them to incur additional attorney fees." Appellee's Brief at 17. We agree with the Owners.

This case began eighteen years ago. It is true that Kozlowski was initially successful in persuading this court to reverse the Commission's findings on the basis that the findings were not supported by evidence in the record. However, as discussed in part I above, the 2001 Opinion remanded the case directly to the Commission to make a determination regarding whether the waivers and subdivision requested by the Owners should be granted based upon evidence of probative value without explicit instructions as to the Commission's ultimate determination. Contrary to Kozlowski's arguments, the 2001 Opinion did not "simply" instruct the Commission to "delete the subdivision" and did not preclude the Commission from conducting further proceedings. *See* Appellant's Brief at 6.

After the 2001 Opinion, the Commission conducted further proceedings and issued findings of fact and conclusions of law dated April 2, 2003. Nevertheless, Kozlowski repeatedly argued in various filings and motions to the Superior Court and in this appeal that the Commission was precluded from conducting further proceedings. We also observe that Kozlowski's complaint for equitable and permanent injunctive relief filed with the Superior Court in July of 2006 alleges that the Commission's initial findings were reversed by this court's 2001 Opinion, but omits the fact that the Commission issued

and filed findings of fact and conclusions of law in April of 2003.

We also note that Kozlowski initiated proceedings in two separate Lake County trial courts—the Superior Court and the Circuit Court—in an attempt to dispute the Commission's determinations, which led to unsuccessful appeals by Kozlowski in this court and the Indiana Supreme Court. It is apparent that Kozlowski has simply continued to raise issues without merit.

Based upon our review of the record, we conclude that Kozlowski's claims demonstrate bad faith and that her contentions on appeal are utterly devoid of all plausibility. *See Potter v. Houston,* 847 N.E.2d 241, 250 (Ind.Ct.App.2006) (holding that the appellant committed both procedural and substantive bad faith, noting that the appellant's arguments on appeal were illogical and puerile, that he steadfastly ignored unfavorable factual determinations and rulings, and that appellant's motions and arguments were calculated to cause great expenditure of time and money by the appellees in attempting to enjoy the use of an easement, and remanding for a calculation of appellate attorneys' fees); *Montgomery v. Trisler,* 814 N.E.2d 682, 685–686 (Ind.Ct.App.2004) (remanding for a determination of appellate attorneys' fees and noting that the appellant continued to re-litigate issues that had already been decided adversely to him, simply continued to raise issues without merit, and continued harassment and accusations of the appellee and others). Accordingly, the Owners are entitled to appellate attorneys' fees, and we remand to the Superior Court to determine the proper amount of the appellate fee award.

For the foregoing reasons, we affirm the Superior Court's order denying Kozlow-

ski's motion for summary judgment,[10] and we remand for a determination of the Owners' reasonable appellate attorneys' fees.

Affirmed and remanded.

MATHIAS, J., and BARNES, J., concur.

---

10. As previously mentioned, our opinion does not address the propriety or disturb the trial court's granting of the Owners' cross-motion for summary judgment.