FILED

Apr 12 2016, 3:08 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT
Raymond P. Dudlo
Brandon J. Powell
Kelly A. Lonnberg
Bamberger, Foreman, Oswald and Hahn, LLP
Evansville, Indiana

# In the
# Indiana Supreme Court

No. 65S04-1604-MI-00180

IN RE THE CUSTODY OF M.B.

B/N/F S.C. AND D.C.,

*Appellants (Petitioners below),*

v.

S.B. AND S.W.,

*Appellees (Respondents below).*[1]

Appeal from the Posey Circuit Court, No. 65C01-1407-MI-00247
The Honorable James M. Redwine, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 65A04-1412-MI-00607

**April 12, 2016**

---

[1] Neither S.B. nor S.W. ever appeared or filed a response on appeal.

**David, Justice.**

Indiana Code § 31-17-2-3(2) allows any person other than a parent to commence a custody action over a child, which is not incidental to a marital dissolution, legal separation, or child support action. In the present case, the paternal aunt and uncle of minor child, M.B., filed an independent action seeking custody of M.B. However, this action was dismissed by the trial court, finding that Aunt and Uncle did not have standing to bring an independent custody action, and the circuit court had no jurisdiction to hear a conflicting action, because a child in need of services (CHINS) proceeding involving M.B. was already pending in the Posey County Juvenile Court. We now grant transfer and reverse the circuit court. Aunt and Uncle had standing to bring the independent custody action, and the circuit court had subject matter jurisdiction over the custody action. However, where the juvenile court was already exercising exclusive jurisdiction over the CHINS proceeding, and Aunt and Uncle's independent custody action did not arise under one of the enumerated exceptions to that exclusive jurisdiction, the circuit court should stay any proceedings and abstain from exercising its jurisdiction until the CHINS case has concluded. Accordingly, dismissal on the grounds of lack of standing and subject matter jurisdiction was error. We reverse and remand to the circuit court.

### Facts and Procedural History

M.B. is the five-year-old child of S.B. (Mother) and S.W. (Putative Father). Mother and Father were never married. In January 2014, the Indiana Department of Child Services (DCS) filed a petition alleging that M.B. was a child in need of services (CHINS). Mother admitted to

2

M.B.'s status as a CHINS, Mother began receiving services, and M.B. was to remain in placement with relatives. Throughout the CHINS proceeding, DCS planned to reunify M.B. with Mother.[2]

In April 2014, while the CHINS case was still pending, M.B.'s paternal aunt, S.C., and paternal uncle, D.C., sought to intervene in the CHINS case (hereinafter Aunt and Uncle). The trial court denied Aunt and Uncle's motion to intervene, and they did not appeal that determination.

On July 8, 2014, Aunt and Uncle filed an emergency petition for custody under a separate cause number, but it was filed in the Posey County Circuit Court, where the CHINS case was also pending.[3] Aunt and Uncle asserted that they were seeking full legal and physical custody of M.B. since she had been removed from Mother and Father, Mother was incarcerated facing criminal charges when the petition was filed, and M.B. was currently placed in foster care. However, M.B.'s foster parent was her maternal grandmother. Additionally, the court appointed Guardian Ad Litem (GAL) reported to the court that M.B. had previously been removed from placement with Aunt and Uncle when Aunt tested positive for methamphetamine, Aunt and Mother had previously gotten into a physical altercation, Aunt made inappropriate remarks about Mother to

---

[2] As of July 1, 2015, the juvenile court determined that the circumstances which brought about M.B. being found a CHINS had been remedied and that the reunification plan had been achieved. At that time, the juvenile court terminated the CHINS proceeding. Therefore, there is no longer a pending CHINS proceeding involving M.B.

[3] Aunt and Uncle did not name DCS as a party when they initiated the independent custody action. It appears that DCS should have been joined as a party under Trial Rule 19, which sets out that a party shall be joined if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (a) as a practical matter impair or impede his ability to protect that interest, or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest." Our review of the record indicates that DCS appeared at the hearing and participated in the proceeding held in the independent custody action, despite never being joined. We acknowledge receipt of DCS' Notice of Reunification and Intent to Rely Upon the Decision of the Court of Appeals in Response to Appellants' Petition to Transfer. However, because DCS was not a party below, it will not be named as a party now.

M.B., and ultimately the GAL did not believe that placing M.B. with Aunt and Uncle was in M.B.'s best interests.

A hearing was held, and upon the request of the court, the parties filed briefs with the court on two primary issues: (1) Whether the case should have been assigned a JP (Juvenile Paternity) cause number rather than an MI (Miscellaneous) cause number, and whether the trial court was at liberty to order the cause number to be changed; and (2) Whether Aunt and Uncle had standing to file an independent action seeking custody of M.B. while a CHINS case was pending. Subsequently, the trial court determined that Aunt and Uncle did not have *standing* to bring an independent custody action, and the court did not have *jurisdiction* to hear the independent custody matter while a CHINS case was pending.

Aunt and Uncle appealed, and the Court of Appeals affirmed the trial court. In re the Custody of M.B., 40 N.E.3d 930 (Ind. Ct. App. 2015), vacated. We now grant transfer thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A). We reverse the trial court, as dismissal for lack of standing and jurisdiction was error. We hold that Aunt and Uncle had standing to bring the independent custody action. We also hold that the Posey Circuit Court has subject matter jurisdiction over the independent custody action, but should have stayed the proceedings and abstained from exercising its jurisdiction until the CHINS action concluded. The juvenile court's exercise of exclusive jurisdiction over the CHINS proceeding did not *divest* the circuit court of subject matter jurisdiction over an independent custody action, but it did require the circuit court to postpone its exercise of jurisdiction. We advise that the term "jurisdiction" should not be used too broadly.

**Standard of Review**

The question of a court's jurisdiction is a question of law. In Re B.C., 9 N.E.3d 745, 751 (Ind. Ct. App. 2014). Thus, we afford no deference to the trial court and review jurisdiction de novo. Id.

4

## Discussion

Under the facts of this case, a CHINS case was pending when Aunt and Uncle filed an independent action to obtain custody of M.B. Two questions seem to be presented in this case: (1) whether Aunt and Uncle had standing to initiate an independent custody action; and (2) whether the Posey County Circuit Court has jurisdiction to hear an independent custody action when a CHINS case is pending in the Posey County Juvenile Court?

### I.     Standing to Bring an Independent Custody Action

As for the first question, Indiana Code § 31-17-2-3(2) provides that an independent custody action may be commenced by "a person other than a parent by filing a petition seeking determination of custody of the child." The reference to "a person other than a parent" is interpreted in its plain meaning. "[A]ny person 'other than a parent' may seek custody of a child by initiating an independent cause of action for custody that is not incidental to a marital dissolution, legal separation, or child support action." In Re G.J., 796 N.E.2d 756, 762 (Ind. Ct. App. 2003), trans. denied. This leaves no doubt that Aunt and Uncle, in the present case, did have standing to seek custody of M.B. as they both qualify as a person other than a parent, and the custody action was not incidental to any of the aforementioned categories. Thus, the only question remaining is whether the circuit court had jurisdiction to hear the case.

### II.     Jurisdiction over the Independent Custody Action

As a threshold matter to addressing the jurisdictional question, we acknowledge that as of July 2015, the CHINS proceeding involving M.B. and Mother was terminated and reunification was achieved. Due to this, Aunt and Uncle would be free at this time to file an independent custody action. In other words, because the issue that was preventing Aunt and Uncle from seeking an independent cause of action is resolved, the question presented is moot. Mootness arises when the primary issue within the case "has been ended or settled, or in some manner disposed of, so as to

5

render it unnecessary to decide the question involved." Matter of Lawrance, 579 N.E.2d 32, 37 (Ind. 1991). However, unlike the federal courts, whose jurisdiction is limited to actual cases and controversies, "the Indiana Constitution does not contain any similar restraint," which permits our courts to decide cases on the merits "under an exception to the general rule when the case involves questions of 'great public interest.'" Id.

The custody of Indiana's children is of the utmost importance. Additionally, this case presents a question that could often reoccur and similarly become moot before ever reaching this Court. When a child is found to be a CHINS, another family member or caregiver may want to at least initiate a custody action for that child while the CHINS case is pending, rather than have to closely monitor the CHINS docket for when the action has concluded and only then file an action seeking custody. As such, we seek to clarify when a suitable third-party may initiate an independent custody action and address the jurisdictional question that has been presented.

Indiana courts only have jurisdiction to the extent that jurisdiction has been granted to them by the constitution or by statute. State v. Sproles, 672 N.E.2d 1353, 1356 (Ind. 1996) (citation omitted). Under Indiana Code § 33-28-1-2, the Posey Circuit Court has original jurisdiction in all civil cases. In the present case, only subject matter jurisdiction is in dispute. "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). It is not disputed that child custody falls within the general class of proceedings within the circuit court's jurisdiction. However, this question has been complicated due to the CHINS proceeding that was already pending in the Posey County Juvenile Court when the independent custody action was initiated in circuit court. Thus, we must also examine the extent to which legislation has set out the jurisdiction of the juvenile court.

Indiana Code § 31-30-1-1(2) provides that "[a] juvenile court has exclusive jurisdiction, except as provided in sections 9, 10, 12, and 13 of this chapter, in the following: . . . (2) Proceedings in which a child . . . is alleged to be a child in need of services under IC 31-34." Each of these

exceptions specifically allow for concurrent jurisdiction with the juvenile court while a CHINS proceeding is pending. Section 9 provides that "[a] court having felony jurisdiction has concurrent original jurisdiction with the juvenile court if there is probable cause to believe that" a child has committed certain offenses, has left the state, or the state cannot obtain jurisdiction. Ind. Code § 31-30-1-9. Sections 10, 12, and 13 also provide that the circuit court has "concurrent original jurisdiction with the juvenile court" over issues involving establishing paternity and child custody proceedings in marriage dissolution cases and paternity proceedings. Ind. Code §§ 31-30-1-10, -12, -13. Aunt and Uncle's independent custody action did not arise in any of these contexts, and in fact, it would have been impossible for any of these sections to apply in this case. Mother and Father were never married, so a dissolution could not occur, and Aunt and Uncle could not initiate a paternity action.[4] Thus, it would not have been possible for the custody action to be heard in a separate court while the CHINS case was pending in juvenile court, given that this action did not arise under one of the enumerated exceptions to the juvenile court's exclusive jurisdiction.

However, to immediately conclude that the circuit court had no subject matter jurisdiction is premature. As of 2011, Indiana Code § 33-28-1-2 provided, in relevant part, that "(a) All circuit courts have: (1) original *and concurrent* jurisdiction in all civil cases and in all criminal cases." (emphasis added). This statutory provision expressly provides for the circuit court's ability to exercise concurrent jurisdiction.

This Court, on a prior occasion, has addressed the subtle distinction that can arise between the lack of subject matter jurisdiction and dismissal of a case on non-jurisdictional grounds. In Kozlowski v. Dordieski, the plaintiff brought an action in the Lake Superior Court challenging a decision made by the Lake County Plan Commission. 849 N.E.2d 535, 536 (Ind. 2006). The

_____

[4] Indiana Code § 31-14-4-1 sets out who may file a paternity action. Aunt and Uncle do not fall into any of the statutory categories.

Superior Court affirmed the action of the Plan Commission, but the case was reversed and remanded on appeal. Id. Before the issue was resolved on remand, Plaintiff filed an action seeking injunctive relief in Lake Circuit Court regarding the same issues that were pending before the Lake Superior Court, at which time the Plan Commission intervened. Id. The circuit court granted the Plan Commission's motion for summary judgment, determining that it "did not have subject matter jurisdiction." Id. at 536-37.

This Court granted transfer after the Court of Appeals similarly determined that "the trial court correctly concluded that it lacked subject matter jurisdiction." Id. at 537. This Court clarified, the trial court had gotten "to the right place, but 'subject matter jurisdiction' was not the right reason." Id. Rather, "[t]he Lake Circuit Court *certainly possessed subject matter jurisdiction* (the power to hear the class of disputes to which the one in question belonged)." Id. (emphasis added). The circuit court possesses original jurisdiction in all civil cases. Rather, the case was "not about subject matter jurisdiction," but when that jurisdiction should be exercised in light of a similar action pending before another Indiana court. Id. Because the parties had also raised grounds for dismissal under Indiana Trial Rule 12(B)(8), which allows for dismissal of "[t]he same action pending in another state court of this state," this Court affirmed the dismissal of the action on those grounds. Id.

Similarly, we conclude that the Posey County Circuit Court did possess *subject matter jurisdiction*, which is properly defined as "the power to hear and determine cases of the general class to which any particular proceeding belongs." K.S., 849 N.E.2d at 540. Yet, having jurisdiction does not automatically mean that it would be appropriate for the circuit court to *exercise* that jurisdiction. "[C]ourts of concurrent jurisdiction cannot exercise jurisdiction over the same subject at the same time, and [] where one of the courts acquires jurisdiction of the subject matter and the parties, it is vested with such jurisdiction to the exclusion of the other court until the final disposition of the case." State ex. rel. American Fletcher Nat. Bank & Trust Co. v. Daugherty, 258 Ind. 632, 634-35, 283 N.E.2d 526, 528 (1972). In addition, "[t]his rule is not

mitigated where the subject matter before the separate courts is the same, but the actions are in different forms." Id.

In the present case, a CHINS proceeding and a custody action are distinct in form, but we acknowledge that both involve the same subject matter, which is the care and custody of M.B. Due to this, it would have been appropriate for the circuit court to have allowed the parties to file their independent custody action, but stay the action until the conclusion of the CHINS proceeding, or, had the parties filed a 12(B)(8) motion, the court could possibly have dismissed on those grounds. A court of concurrent jurisdiction should abstain from exercising that jurisdiction when the subject matter is properly before another court. We seek to clarify that abstention is not the same as relinquishing or being divested of jurisdiction, but is "only the postponement of its exercise." England v. Louisiana State Bd. Of Medical Examiners, 375 U.S. 411, 416 (1964) (explaining that in the context of federal abstention the U.S. Supreme Court has "on several occasions explicitly recognized that abstention 'does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise'") (string citation omitted). Again, it would have been appropriate in the present case for the circuit court to simply postpone its exercise of jurisdiction over the independent custody action until the conclusion of the CHINS proceeding. A stay would not be necessary in cases arising under one of the enumerated exceptions of Indiana Code § 31-30-1-1(2), which clearly provides for specific cases to continue in other courts while a CHINS proceeding is pending.

We advise that, absent a 12(B)(8) motion from the parties, the circuit court may allow the parties to file an independent custody action while a CHINS proceeding is pending in juvenile court. However, the circuit court may not exercise its jurisdiction over that action until the CHINS proceeding has concluded. Rather, all action in the custody case should be stayed. In some circumstances, it may be best for the parties and the court for the custody action to at least be filed. For example, if a third party would like to obtain custody of a child that has been found a CHINS, that party would not have to undergo the burden of monitoring the CHINS docket daily to assess

when they will be permitted to file their custody action. Rather, the parties may file their action and immediately proceed once the CHINS proceeding has concluded.

## Conclusion

We hold that a third-party, who seeks to commence an independent child custody action under Indiana Code § 31-17-2-3(2), may properly do so in circuit court, but if a CHINS case is pending when the custody action is filed and no exception to the juvenile court's exclusive jurisdiction is applicable, the circuit court should abstain from exercising its jurisdiction and stay any proceedings on the custody action until final disposition of the CHINS proceeding. We reverse the trial court's dismissal of Aunt and Uncle's independent custody action and remand for further proceedings.

Rush, C.J., Dickson, Rucker, Massa, J.J., concur.