

FILED

Dec 05 2018, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Karl L. Mulvaney
Margaret M. Christensen
Nana Quay-Smith
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

Trenton W. Gill
Katherine M. Haire
Reminger Co., LPA
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Libby Y. Goodnight
Krieg DeVault LLP
Indianapolis, Indiana

Ann Marie Woolwine
Krieg DeVault LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the
Guardianship of Christopher
Lindroth, a Disabled Adult;
Hartford Underwriters Insurance
Company,

*Appellant-Respondent,*

v.

Marcia Dempe, as Guardian of
the Person and Co-Guardian of
the Estate of Christopher
Lindroth, and First Midwest
Bank, as Co-Guardian of the
Estate of Christopher Lindroth, a
Disabled Adult,

December 5, 2018

Court of Appeals Case No.
45A04-1711-GU-2685

Appeal from the Lake Circuit
Court

The Honorable Marissa
McDermott, Judge

Trial Court Cause No.
45C01-0708-GU-87



*Appellee-Claimants*

**May, Judge.**

Hartford Underwriters Insurance Company (hereinafter "Hartford") appeals an order entered by the Lake Circuit Court in the Guardianship of Christopher Lindroth.  On appeal, Hartford asserts the following restated issues:

> (1) whether the Lake Circuit Court had jurisdiction to order Hartford to pay attorney fees arising from the Worker's Compensation action;

> (2) whether, if the Lake Circuit Court had jurisdiction, it should have deferred to the Arbitrator's continuing jurisdiction over the fees to be paid in the Worker's Compensation action;

> (3) whether the Lake Circuit Court's order for Hartford to pay attorney fees is wrong under Illinois Worker's Compensation Law; and

> (4) whether the Guardians should pay attorney fees to Hartford because Guardians engaged in improper forum shopping.

We reverse the Lake Circuit Court's order as to attorney fees and remand.

# Facts and Procedural History

[2] Lindroth was severely injured in a motorized cart accident while working for his employer, Coastal International, in Cook County, Illinois. He spent extended time in a coma and the lower half of his body is permanently paralyzed. Soon after the accident, a guardianship was opened in the Circuit Court of Lake County, Indiana, with Lindroth's mother, Marcia Dempe, named as guardian of his person, and Dempe and First Midwest Bank named as guardians of his estate (hereinafter "Guardians" and "the Estate").

[3] Guardians filed a claim for worker's compensation benefits in Cook County, Illinois. Hartford is the worker's compensation insurer for Lindroth's employer and thus is a party in Lindroth's worker's compensation action. There appears to have been no dispute that Lindroth was entitled to worker's compensation benefits, and Hartford began paying for Lindroth's medical expenses and lost wages.

[4] Guardians also filed a civil tort action in Cook County, Illinois, against the manufacturer of the cart Lindroth had been driving and various other parties. That case proceeded to a jury, which found the damages were $34 million[1] but Lindroth was 35% at fault, such that Lindroth was awarded a judgment of $22

---

[1] The parties are not arguing about the specific amounts of money that should change hands, only when (and on whose order) the monies should be paid. As such, for simplicity sake, all financials are rounded herein.

million. Of that, Lindroth's lawyers for the tort case received $9 million for fees and costs.

[5] Pursuant to an Illinois statute, 820 ILCS 305/5, a worker's compensation insurer is entitled to reimbursement from any civil judgment proceeds collected by an employee from third parties responsible for the workplace accident, so Hartford sought reimbursement from the civil judgment proceeds of the $5.7 million that Hartford had already paid out for Lindroth's medical expenses and lost wages. Pursuant to that same statute, insurers that are reimbursed from such civil judgment proceeds must return 25% of such reimbursement to cover the insurer's portion of attorney fees from the civil action that produced the proceeds. The parties agreed Hartford's statutory lien (reimbursement amount minus 25% attorney fees) was $3.5 million.

[6] The guardianship judge in Lake Circuit Court initially ordered Guardians to put $3.5 million of the civil judgment proceeds into a segregated account earmarked for paying Hartford's statutory lien. After time, the Lake Circuit Court ordered Guardians to release $3 million to Hartford. On November 10, 2016, Hartford filed a motion requesting the Lake Circuit Court release the remainder of the lien money to which Hartford was statutorily entitled.[2]

---

[2] By this time, Hartford had recalculated the lien amount because Medicaid had unexpectedly covered some medical expenses, and the amount due to Hartford under the lien was only $400,000.

[7] That same day, Guardians filed a motion asserting Hartford owed the Estate $2.3 million for attorney fees on future medical expenses that also would be paid from the civil judgment proceeds, rather than by Hartford. Guardians suggested the Lake Circuit Court subtract Hartford's statutory lien money being held in the segregated account from that $2.3 million due for attorney fees on future medical expenses and order Hartford to pay the Estate $1.9 million. The Lake Circuit Court signed Guardians' proposed order. (*Compare* Addendum to Appellant's Br. at 3-7 *with id*. at 8-12.) Hartford filed a motion to correct error, which the Lake Circuit Court denied without any findings or conclusions.

[8] On November 16, 2017, Hartford filed an emergency motion to reconsider[3] because the Illinois Worker's Compensation Commission was to issue a decision about when Hartford would pay attorney fees for future medical expenses that would be covered by the civil judgment proceeds. On November 30, 2017, the Worker's Compensation Arbitrator issued an order that found the Lake Circuit Court "has no jurisdiction over the issue of adjudicating the Illinois workers' compensation lien." (*Id*. at 18.) In addition, the Arbitrator found the Lake Circuit Court's orders do "not control the decision of the [Worker's Compensation] Arbitrator." (*Id*.) The Arbitrator entered a number

---

[3] Because a motion to reconsider does not stay the deadline for a notice of appeal, Hartford timely filed its notice of appeal. After the record was filed, vesting jurisdiction in our Court, we stayed the appeal and remanded for the Lake Circuit Court to address Hartford's motion to reconsider.

of findings to explain why the Lake Circuit Court had wrongly applied Illinois law, and then the Arbitrator entered the following conclusions and orders:

> The arbitrator notes that the Indiana probate court's order of March 16, 2017 found that a net recoverable lien was due to [Hartford] in the amount of $396,325.76. The Indiana probate court's order did not reimburse [Hartford] for the Section 5(b) lien due and owing to Hartford. The Indiana probate court ordered the amount held in escrow to be distributed directly to [Guardians]. The arbitrator finds that in the event Hartford is still due and owing any amount for their lien under Section 5(b) of the Act that any payments for statutory attorney's fees to [Lindroth's] attorneys are suspended until such time that the workers' compensation carrier is repaid for their Section 5(b) lien on past workers' compensation benefits already paid. . . .

> The arbitrator finds that [Hartford] is ordered to pay the 25% attorneys fee for future medical and permanent total disability benefits to [Lindroth's] counsel as the benefit to [Hartford] from the third-party recovery is received by [Hartford]. Any such payments for statutory attorney's fees to [Lindroth's] counsel is suspended until such time that [Hartford's] section 5(b) lien is completely recovered.

(*Id.* at 20-21) (errors in original).

[9] The Lake Circuit Court then heard Hartford's pending motion to reconsider. In the order thereon, the Lake Circuit Court stated in pertinent part:

> This court, namely, the Lake Circuit Court, is a court of general jurisdiction. As such, it is vested with authority to hear and determine the general class of cases involving guardianships, as well as any matters merely collateral to those proceedings. The court rejects Hartford's argument that [the court] lacked subject

matter jurisdiction here. Indeed, the court's March 16, 2017 Judgment relates directly to the interests of the estate that is in the care of this court.

(*Id*. at 22.) The Lake Circuit Court also reiterated its conclusions regarding lump-sum payments of future attorney fees and then affirmed its prior order that Hartford pay the $1.9 million lump-sum award of attorney fees for anticipated future medical expenses.

# Discussion and Decision

As Hartford notes on appeal, it cannot comply with the orders of both the Worker's Compensation Arbitrator and the Lake Circuit Court, because those two orders are in direct conflict – the Arbitrator ordered Hartford not to make any additional payments until the Guardians refund the remaining statutory lien monies (≈ $400,000), while the Lake Circuit Court ordered Hartford to immediately pay an additional $1.9 million to the Guardians for reimbursement of attorney fees on future estimated medical expenses.

Hartford appeals from the Lake Circuit Court's denial of Hartford's motion to reconsider the Lake Circuit Court's judgment of March 16, 2017, in light of the Illinois Worker's Compensation Commission Arbitrator's decision of November 30, 2017. "A trial court's control and discretion to change its own rulings is firmly established in common law, and we will review a trial court's reconsideration of its prior rulings for abuse of discretion." *In re Estate of Hammar*, 847 N.E.2d 960, 962 (Ind. 2006).

[12]    At issue in that motion to reconsider was whether the Lake Circuit Court had jurisdiction to order Hartford to pay the Estate attorney fees that may accrue in the worker's compensation action. Where, as here, the facts pertinent to the trial court's jurisdiction are undisputed, we review the issue *de novo*. *Edwards v. Edwards*, 80 N.E.3d 939, 943 (Ind. Ct. App. 2017). "Subject matter jurisdiction is defined as the power to hear and determine cases of the general class to which any particular proceeding belongs." *Id.*

[13]    The guardianship action from which Hartford appeals arose from the Lake Circuit Court. Lake Circuit Court does not have a separate probate court and instead hears probate matters within the civil division of that Court. *See* Ind. Code § 33-33-45-21(a) ("The court is divided into civil (including probate), criminal, county, and juvenile divisions."). The Lake Circuit Court is a court of "original and concurrent jurisdiction in all civil cases." Ind. Code § 33-28-1-2(a)(1).

[14]    However, "Indiana courts only have jurisdiction to the extent that jurisdiction has been granted to them by the constitution or by statute[,]" *In re Custody of M.B.*, 51 N.E.3d 23, 234 (Ind. 2016), and our legislature made very clear that the "worker's compensation board shall administer the worker's compensation law." Ind. Code § 22-3-1-2. Moreover, the worker's compensation system is the exclusive remedy for employees who are injured or killed by an accident arising out of and in the course of employment. *See* Ind. Code § 22-3-2-6 ("The rights and remedies granted to an employee [under this law] on account of personal injury or death by accident shall exclude all other rights and remedies of such

employee, the employee's personal representatives, dependents or next of kin . . . on account of such injury or death."); *see also Wolf Corp. v. Thompson*, 609 N.E.2d 1170, 1173 (Ind. Ct. App. 1993) (employer entitled to summary judgment on Estate's wrongful death action filed in trial court because sole remedy for accident was to be found in worker's compensation laws). "The board maintains continuing jurisdiction over all attorney's fees in cases before the board and may order a different attorney's fee or allowance in a particular case." Ind. Code § 22-3-1-4(e). Furthermore, appeals from worker's compensation proceedings rest within the jurisdiction of the Court of Appeals. *See* Ind. Appellate Rules 5(C)(1) & 9(A). As such, under Indiana law, trial courts do not have authority to review or decide issues within worker's compensation proceedings.

[15] The worker's compensation proceeding at issue herein, however, is from Illinois. Illinois's version of the Worker's Compensation Act explains "[a]ny disputed questions of law or fact shall be determined as herein provided." 820 ILCS 305/19. When parties inform the Commission that "the parties have failed to reach an agreement," the Commission is to designate an Arbitrator. 820 ILCS 305/19(a). "The Arbitrator shall make such inquiries and investigations as he or they shall deem necessary . . . ." 820 ILCS 305/19(b). Thereafter, the Arbitrator files its decision with the Commission, which distributes the decision to the parties. *Id*. If neither party files a "Petition for Review" of the Arbitrator's decision, "then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive."

*Id.* If a Petition for Review is filed, then the Commission holds a hearing as provided by statute and issues its decision. *See* 820 ILCS 305/19(e) (explaining proceedings before Commission); *see also* 820 ILCS 305/19(c)(6) ("The fees and payment thereof of all attorneys and physicians for services authorized by the Commission under this Act shall, upon request of either the employer or the employee or the beneficiary affected, be subject to the review and decision of the Commission."). Commission decisions are binding unless procured by fraud or timely appealed. 820 ILCS 305/19(f).

[16] Unlike in Indiana, appeals of decisions from the Illinois Commission proceed to circuit courts. 820 ILCS 305/19(f)(1). However, the statute is very specific that, in particular, appeals may be heard by

> the Circuit Court of the county where any of the parties defendant may be found, or *if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred*, shall by summons to the Commission have power to review all questions of law and fact presented by such record.

820 ILCS 305/19(f)(1) (emphasis added). As that italicized language makes clear, the appeal is to be heard wherever in Illinois a defendant is located or where the accident occurred. Thus, because the Lake Circuit Court is not in

Illinois, it simply cannot be a proper forum to hear any questions of law or fact presented by the worker's compensation record.[4]

[17]     *Even if* Lake Circuit Court arguably *could have* had subject matter jurisdiction, our Indiana Supreme Court recently reiterated that "having jurisdiction does not automatically mean that it would be appropriate for the circuit court to *exercise* that jurisdiction." *In re Custody of M.B.*, 51 N.E.3d at 235 (emphasis in original).

> Courts of concurrent jurisdiction cannot exercise jurisdiction over the same subject at the same time, and where one of the courts acquires jurisdiction of the subject matter and the parties, it is vested with such jurisdiction to the exclusion of the other court until the final disposition of the case. In addition, this rule is not mitigated where the subject matter before the separate courts is the same, but the actions are in different forms.
>
> In the present case, a CHINS proceeding and a custody action are distinct in form, but we acknowledge that both involve the same subject matter, which is the care and custody of M.B. Due to this, it would have been appropriate for the circuit court to have allowed the parties to file their independent custody action, but stay the action until the conclusion of the CHINS proceeding, or, had the parties filed a 12(B)(8) motion, the court could possibly have dismissed on those grounds. A court of concurrent jurisdiction should abstain from exercising that

---

[4] Thus, we need not determine the application of Illinois law regarding concurrent jurisdiction, which permits Illinois trial courts to determine questions of law that arise in Worker's Compensation proceedings prior to the Commission making its final determination. *See, e.g.*, *Employers Mut. Cos. v. Skilling*, 644 N.E.2d 1163, 1166 (Ill. 1994) ("although we conclude that the Commission had concurrent jurisdiction to hear the disputed insurance coverage issue presented in this case, when the question of law was presented to the circuit court in the declaratory judgment suit, the jurisdiction of the circuit court became paramount").

jurisdiction when the subject matter is properly before another court. We seek to clarify that abstention is not the same as relinquishing or being divested of jurisdiction but is only the postponement of its exercise.

*Id.* (internal citations and quotations omitted). Similarly, here, even if the Lake Circuit Court had jurisdiction over matters collateral to the Guardianship, it should have abstained from interfering with the Illinois Worker's Compensation Arbitrator's authority to determine when and how attorney fees would be paid inside that Worker's Compensation action.

[18] As the Lake Circuit Court noted, it has jurisdiction over the Guardianship and the funds being managed therein for Lindroth. We presume this is why Hartford brought its request for payment of the statutory lien to the Lake Circuit Court. Nevertheless, the Lake Circuit Court's jurisdiction to release funds to pay Hartford's statutory lien against Lindroth's civil judgment proceeds does not also grant the Lake Circuit Court jurisdiction to recalculate the attorney fees due in the Illinois Worker's Compensation proceedings.[5] See, e.g., American Mgmt., Inc. v. Riverside Nat. Bank, 725 N.E.2d 930, 933 (Ind. Ct. App. 2000) (defendant cannot challenge merits of foreign judgment during domestication unless foreign judgment is void because foreign court lacked subject matter jurisdiction or personal jurisdiction).

---

[5] We therefore need not determine whether the Lake Circuit Court's order misapplied Illinois law.

As a final matter, Hartford asks that we order the Estate to pay appellate attorney fees because "[t]he Estate's blatant act of forum shopping should not be countenanced by this Court." (Br. of Appellant at 46.) We may order a party to pay appellate attorney fees "if an appeal, petition, or motion, or response, is frivolous or in bad faith." Ind. Appellate Rule 66(E). Hartford asserts that the Estate is the party that asked the Lake Circuit Court to calculate the attorney fees that were due to Hartford. However, Hartford filed a "petition to adjudicate/set Hartford's reimbursable past workers' compensation lien[,]" (Appellant's App. Vol. 2 at 43), and therein Hartford

> respectfully requests this Honorable Court enter an Order setting Hartford's recoverable past workers' compensation lien at $3,462,111.49 and, further, a directive that said amount is to be withdrawn from the segregated account that was set up specifically to reimburse The Hartford as [sic] and for its workers compensation lien, and for any other relief this Court deems just.

(*Id*. at 48.)

As Hartford was the party that invited the Lake Circuit Court to calculate the amount of Hartford's statutory lien and the Estate simply requested a different calculation of the monies due, we decline to impose attorney fees on the Estate for "forum shopping[.]" (Br. of Appellant at 46.) While we hold the Lake Circuit Court did not have jurisdiction to calculate the attorney fees due in the Illinois Worker's Compensation proceeding involving these same two parties, we decline to shift fees from the party that first asked the Lake Circuit Court to exceed its authority.

# Conclusion

Because the Lake Circuit Court did not have jurisdiction to decide when and how attorney fees would be paid in an ongoing worker's compensation proceeding from Illinois, we reverse the order denying Hartford's motion to reconsider, vacate the order for Hartford to pay $1.9 million in attorney fees, and remand for the Lake Circuit Court to disburse Estate funds in accordance with any unappealed final order from the Worker's Compensation Arbitrator or Worker's Compensation Commission.

Reversed and remanded.

Baker, J., and Robb, J., concur.