Brian E. CATT, Appellant (Plaintiff),

v.

BOARD OF COMMISSIONERS OF
KNOX COUNTY, Appellee
(Defendant).

No. 42S01–0106–CV–288.

Supreme Court of Indiana.

Nov. 22, 2002.

Stephen L. Williams, Mann Law Firm, Terre Haute, IN, Attorney for Appellant.

·H. Linwood Shannon, III, Fine & Hatfield Evansville, IN, Attorney for Appellee.

Andrew P. Wirick, Hume Smith Geddes Green & Simmons, LLP, Jo Angela Woods, Indiana Association of Cities and Towns, Indianapolis, IN, Attorneys for Amicus Curiae Brief of. Indiana Association of Cities and Towns and Indiana Municipal Lawyers Association in Support of Petition to Transfer.

**CIVIL TRANSFER**

RUCKER, Justice.

### Case· Summary

Brian Catt was injured in a single-car accident occurring in the early morning hours of May 18, 1995, when his car slid into a 'ditch created by a washed-out culvert. He filed a complaint against the Board of Commissioners of Knox County ("the County"). The County responded with a motion for summary judgment alleging immunity under the Indiana Tort Claims Act ("the Act"). The trial court granted the motion and the Court of Appeals reversed. Having previously granted transfer, we now affirm the trial court.

### Facts and Procedural History

In the early morning of May 18, 1995, eighteen-year-old Brian Catt was traveling southbound on County Road 200 East in Harrison Township, Knox County, Indiana. At that time there was only a slight mist or sprinkle. However, the night before, Knox County had experienced a torrential rainstorm. Proceeding down a small hill Catt saw mud in the road. As he advanced, Catt noticed that the road was out and attempted to stop the car. Sliding on the slick mud, Catt crashed his car into a water-filled ditch in the middle of the road. As a result, he sustained serious injuries.

A subsequent examination of the accident site revealed that due to the immense amount of rain Knox County had received, a culvert had been washed out sometime during the night of May 17, 1995, or early morning of May 18, 1995. The washed-out culvert, which came to rest approximately fifty feet downstream from the accident site, left a ditch in the middle of the roadway approximately ten to twelve feet wide.

Catt filed a complaint against the County alleging negligent inspection and maintenance of the roadway. The County filed its answer, which included the affirmative defenses of statutory immunity, contributory negligence, and assumption of risk.

After the parties conducted discovery, the County filed a motion for summary judgment contending: (i) it owed no duty to Catt and therefore his negligence claim failed; (ii) it was immune from liability under the Act; and (iii) Catt was contributorily negligent which operated as a complete bar to his claim. After entertaining arguments of counsel, but entering no findings of facts or conclusions thereon, the trial court granted the County's motion.

Catt appealed and a divided panel of the Court of Appeals reversed the trial court. *Catt v. Bd. of Comm'rs of Knox County,* 736 N.E.2d 341, 343 (Ind.Ct.App.2000). Adhering to the rule that the Court may affirm a grant of summary judgment on any grounds supported by the Indiana Trial Rule 56 materials, the Court of Appeals addressed each ground upon which the trial court may have based its decision. The Court determined: (1) the County was not entitled to immunity under the Act; (2) there were disputed issues of material fact as to whether Catt was contributorily negligent; and (3) genuine issues of material fact existed as to whether the County breached its duty of care to maintain public thoroughfares in a safe condition for travel. The County sought transfer, which we previously granted. We now affirm the trial court.

### Standard of Review

■ When reviewing a grant or denial of a motion for summary judgment our standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Ind. Univ. Med. Ctr. v.*

*Logan,* 728 N.E.2d 855, 858 (Ind.2000). Summary judgment is appropriate only where the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Corr v. Am. Family Ins.,* 767 N.E.2d 535, 537 (Ind. 2002). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* at 537–38.

### Discussion

■ The sole issue presented on transfer is whether the County is immune from liability pursuant to the Act. The Act "allows suits against governmental entities for torts committed by their employees but grants immunity under the specific circumstances enumerated in Indiana Code section 34–13–3–3." *Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 975 (Ind. 2001). Immunity under the Act is a question of law to be decided by the court. *Id.* The party seeking immunity bears the burden of establishing it. *Id.*

■ Indiana Code section 34–13–3–3(3) provides in relevant part: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from ... (3) the temporary condition of a public thoroughfare which results from weather."[1] Ind. Code § 34–4–16.5–3(3). The law in this jurisdiction is settled that a governmental entity has a common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Galbreath v. City of Indianapolis,* 253 Ind. 472, 255 N.E.2d 225, 227 (1970); *see also* I.C. § 34–13–3–

---

1. Amended by P.L. 250–2001, § 6. The provision now reads in relevant part: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following

... (3) The temporary condition of a public thoroughfare or extreme sport area that results from weather." I.C. § 34–13–3–3(3) (West Supp.2002).

3(18) (declaring "[T]his subdivision shall not be construed to relieve a responsible governmental entity from the continuing duty to provide and maintain public highways in a reasonably safe condition."). Our courts have not addressed this duty in the context of washed-out culverts but have done so in the context of a city's duty to remove snow and ice. For example in *Van Bree v. Harrison County*, 584 N.E.2d 1114 (Ind.Ct.App.1992), *trans. denied*, the Court noted that under the common law a governmental entity is not generally liable for injuries caused by defects in sidewalks and roadways due to the natural accumulation of snow and ice. *Id.* at 1117 (citing *Walton v. Ramp*, 407 N.E.2d 1189, 1191 (Ind.Ct.App.1980); *City of South Bend v. Fink*, 139 Ind.App. 282, 219 N.E.2d 441, 443 (1966)); *see also Adams v. Pa. R. Co.*, 117 F.2d 649, 650 (7th Cir.1941) (indicating that in Indiana the "duty to keep streets reasonably free from defects therein, does not extend to defects in the streets due to natural accumulation of ice"); 19 Eugene McQuillin, *The Law of Municipal Corporations* § 54.79, at 305 (3rd ed. 1994). However, a city could be held liable under the common law for failure to remove snow and ice if it could be shown that the snow and ice represented an obstruction to travel and the city had an opportunity to remove the snow and ice, but failed to do so. *Van Bree*, 584 N.E.2d at 1117 (citing *Ewald v. City of South Bend*, 104 Ind.App. 679, 12 N.E.2d 995, 997 (1938)); *see also City of Muncie v. Hey*, 164 Ind. 570, 74 N.E. 250, 251 (1905) (holding "The accumulation of water and ice ... so as to obstruct the free and safe use of the sidewalk, constitute[s] a nuisance which it [is] the duty of the city to prevent or abate, and if it negligently fail[s] to perform this duty ... it ... will be held liable."); *McQuillin, supra*, § 54.79, at 306. As the *Van Bree* court points out, the Act reflects these common law principles, and provides immunity for temporary conditions caused by weather, but does not provide for immunity when the condition is permanent or not caused by the weather. *Van Bree*, 584 N.E.2d at 1117. We agree and find these observations equally applicable here.

Analyzing the immunity provision of the Act, the Court of Appeals examined the meaning of "temporary." Contrasting "temporary" with "permanent" the Court said that while inclement weather may temporarily cause a roadway or bridge to become dangerous or impassable for a motorist, "if this condition is due to poor inspection, design, or maintenance of the thoroughfare then the condition of the thoroughfare could be considered 'permanent.'" *Catt*, 736 N.E.2d at 345.

We agree that if the hazardous condition of a roadway is due to poor inspection, design or maintenance, then the governmental entity may be held liable for injuries caused thereby. Indeed a governmental entity is not entitled to immunity every time an accident occurs during bad weather. *Bd. of Comm'rs of Steuben County v. Angulo*, 655 N.E.2d 512, 513 (Ind.Ct.App.1995), *trans. not sought.* Rather, in determining whether a governmental entity is immune under the Act, the relevant inquiry is whether the loss suffered by the plaintiff was actually the result of weather or some other factor. *Id.* However we disagree with our colleagues on the Court of Appeals that poor inspection, design, or maintenance are factors to be considered in determining whether the condition of a roadway is permanent. In our view such factors may demonstrate negligence. And if a party can show that his or her injury is due to negligence—as opposed to the temporary condition of a thoroughfare "that results from weather"—then the governmental entity may be held liable for the party's loss. *See id.* at 513, 514 (rejecting County's claim that the

accident would not have occurred but for temporary foggy weather conditions, where plaintiff designated materials showing that the accident also was the result of County failing to place appropriate markings on the roadway, failing to post appropriate warning signs, and the presence of ruts in the roadway).

■ As we see it, a determination of whether a condition is temporary or permanent is separate from a determination of whether the condition is due to some other cause. The focus of whether the condition is permanent is whether the governmental body has had the time and opportunity to remove the obstruction but failed to do so. *Van Bree,* 584 N.E.2d at 1117. As applied to the facts in this case, the question is whether the washed-out culvert was due to weather and whether the County had the opportunity to repair the culvert and did not.

■ The record shows that in support of its motion for summary judgment, the County presented the affidavit of Harry Manning, Superintendent of the Knox County Highway Department. He testified that a number of culverts throughout Knox County had been washed-out due to the severe rain and resulting flood that occurred in the early morning hours of May 18, 1995. R. at 202. According to Manning the Highway Department received no notice of the culvert at issue here being washed-out until after the accident had occurred. R. at 202. He further testified that in 1993 a different culvert in the same area washed out and was replaced with a larger culvert to accommodate the water flow. Manning elaborated,

> [f]rom the time we replaced the culvert until the accident, we had no complaints of the larger culvert washing-out or flooding. Also from the time we replaced the culvert until we received notice of the wash-out in question, the

Knox County Highway Department was not aware and had no knowledge that this larger culvert had ever washed-out.

R. at 202.

In opposition to the County's motion for summary judgment, Catt presented evidence that the culvert in question had washed-out on many occasions since 1972, R. at 266; and that the County Highway Department would come out and check the culvert after some of the storms. R. at 263–64. Focusing on the repeated instances of the culvert being washed away during rainstorms, Catt insists that "the condition of the roadway, culvert, and drainage system near the roadway … a long term, permanent, condition, which caused the culvert to wash away, and the mud to accumulate on the roadway, caus[ed] Catt's wreck." Br. of Appellant at 10. However, as we have indicated the frequency with which the culvert may have washed out in the past has no bearing on whether that condition is permanent. As for whether the accident was due to causes other than weather, Catt seems to suggest one of two possibilities: either (1) negligent inspection, design, or maintenance of the roadway resulted in his injuries, or (2) negligent, inspection, design, or maintenance of the roadway caused the culvert to be washed away by rain which resulted in his injuries. Concerning the former, Catt presented no Indiana Trial Rule 56 material to support his claim. *Compare Angulo,* 655 N.E.2d at 513, 514 (designating materials to demonstrate conditions of the roadway other than weather conditions contributed to plaintiff's injuries). As for the latter, the negligence of the County is not relevant if it is immune. Immunity assumes negligence but denies liability. *Ind. Dep't of Fin. Insts. v. Worthington Bancshares, Inc.,* 728 N.E.2d 899, 902 (Ind.Ct.App.

2000), *trans. denied.* As this Court has previously observed:

> [T]he issues of duty, breach and causation are not before the court in deciding whether the government entity is immune. If the court finds the government is not immune, the case may yet be decided on the basis of failure of any element of negligence. This should not be confused with the threshold determination of immunity.

*Peavler v. Bd. of Comm'rs of Monroe County,* 528 N.E.2d 40, 46–47 (Ind.1988).

In this case, the County has shown that the washed-out culvert was the result of a rainstorm and that it had no notice that the culvert washed out until after Catt's accident. Although there is no evidence in this record that the culvert has since been repaired, the record does show that the Knox County Highway Department was busy on the morning after the storm repairing other washed out culverts of which it was aware, and had repaired this particular culvert when it had been washed out on previous occasions. We conclude that the County carried its burden of demonstrating that the condition of the roadway was temporary and resulted from weather. It is therefore immune under the Act, and the trial court properly granted summary judgment in the County's favor.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.