**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 14 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**FREDERICK A. TURNER**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINE REDELMAN**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF:<br><br>K.D., S.D., and I.D., Minor Children,<br><br>and<br><br>D.D., Father,<br><br>Appellants-Respondents,<br><br>vs.<br><br>THE INDIANA DEPARTMENT OF CHILD SERVICES,<br><br>Appellee-Plaintiff. | )<br>)<br>)<br>)<br>(<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 53A01-1307-JT-315<br>)<br>)<br>)<br>)<br>)<br>) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Stephen R. Galvin, Judge
Cause Nos. 53C07-1110-JT-737, 53C07-1110-JT-738, 53C07-1110-JT-739

**March 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

D.D. (Father) appeals the involuntary termination of his parental rights to his children: K.D., born May 28, 2002; S.D., born September 29, 2005; and I.D., born April 19, 2007 (collectively, Children). We affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2010, the Department of Child Services (DCS) investigated a report that Father and B.D. (Mother) were taking their cancer-stricken daughter, M.D., to different doctors in an effort to obtain multiple prescriptions for pain medication, and then Mother and Father were illegally consuming a majority of the pain medication. The Children and M.D. were removed from Mother and Father's care at that time.

On September 20, DCS filed a petition to declare the Children and M.D. were Children in Need of Services (CHINS). M.D. died on October 2, 2010, and Mother died of a prescription drug overdose on October 17, 2010. The court declared the Children were CHINS on December 13 and ordered Father to participate in services to address his substance abuse issues. Initially, Father was non-compliant with services, which led DCS to file a petition to terminate his parental rights to Children on October 6, 2011.

On July 31, 2012, despite the pending termination proceedings, DCS filed a request for trial home visits based on Father's participation in services and clean drug screens. The trial court granted DCS's request and Children were placed with Father until November 8, when he relapsed into drug use and did not follow the prescribed safety plan. The Children were again placed in relative care.

The trial court held hearings regarding the termination of Father's parental rights to

2

Children on March 25 and April 11, 2013. On June 18, the trial court terminated Father's parental rights to Children, making thirty-four findings regarding primarily Father's drug use, and concluding "[t]here was no reasonable probability that the conditions which resulted in the removal of the children would be remedied[;]" "[Father's] ongoing drug use would clearly pose a threat to the well-being of the children[;]" and "[t]ermination of the parent-child relationship is clearly within the best interests of [Children]." (App. at 34-35.)

## DISCUSSION AND DECISION

We will not reverse a termination of parental rights unless it is clearly erroneous. *M.H.C. v. Hill*, 750 N.E.2d 872, 875 (Ind. Ct. App. 2001). When determining whether the evidence supports the findings and judgment, we may not reweigh the evidence or reassess the credibility of the witnesses. *Id.* We will set aside the trial court's findings only if they are clearly erroneous; that is, if the record lacks any evidence or reasonable inferences to support them. *Id.* We consider only the evidence and reasonable inferences therefrom that support the judgment. *In re D.G.*, 702 N.E.2d 777, 780 (Ind. Ct. App. 1998).

A trial court may not terminate a parent's rights unless the State demonstrates by clear and convincing evidence "there is a reasonable probability that: (i) the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied; or (ii) the continuation of the parent-child relationship poses a threat to the well-being of the child." Ind. Code § 31-35-2-4(b)(2)(B); *see also In re W.B.*, 772 N.E.2d 522, 529 (Ind. Ct. App. 2002) (noting State's burden of proof). Because the statute was written in the disjunctive, the State needs to prove only one. *In re J.W.*, 779 N.E.2d

3

954, 962 (Ind. Ct. App. 2002), *trans. denied sub nom. Weldishofer v. Dearborn Cnty. Div. of Family & Children*, 792 N.E.2d 40 (Ind. 2003). Therefore, when the evidence supports one of the trial court's conclusions, we need not determine whether the evidence supports the remaining portions of the statute. *Id.*

Father challenges only whether the evidence supports five of the findings the court used to support its conclusion that the conditions resulting in removal of the Children will not be remedied. However, the court also concluded the continuation of the parent-child relationship poses a threat to the well-being of the Children, and the court entered a number of independent findings to support that conclusion. Father has not challenged that conclusion or any of the findings that support that conclusion. Because the unchallenged findings support the unchallenged conclusion, which supports the termination of Father's parental rights, we need not review Father's allegations regarding the superfluous findings and conclusions. *See T.B. v. Indiana Dept. of Child Services*, 971 N.E.2d 104, 110 (Ind. Ct. App. 2012) (when unchallenged findings support termination, there is no error), *trans. denied.* Accordingly, we affirm.

Affirmed.

VAIDIK, C.J. and RILEY, J., concur.