

FILED
Jun 18 2015, 9:44 am
CLERK
of the supreme court,
court of appeals and
tax court

<table>
</table>

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| Brent Welke<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Kathy Bradley<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Feldhake,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>Edwin Buss, Latoya Lane, and Nathan Walters,<br><br>*Appellees-Respondent.* | June 18, 2015<br><br>Court of Appeals Case No.<br>32A05-1406-CT-248<br><br>Appeal from the Hendricks Superior Court<br><br>Lower Court Cause No.<br>32D04-1105-CT-63<br><br>The Honorable Mark A. Smith, Judge |

**Pyle, Judge.**

## Statement of the Case

John Feldhake ("Feldhake") appeals the trial court's grant of summary judgment in favor of Edwin Buss ("Buss"), Latoya Lane ("Lane"), and Nathan Walters ("Walters"), (collectively, "the Defendants") on his personal injury claim. On appeal, Feldhake claims that the trial court erred in granting

summary judgment because the Defendants based their motion on defects in the complaint and failed to designate factual evidence in support of their motion. In addition, he claims that the trial court erred in considering the Defendants' motion for summary judgment while discovery was ongoing. Defendants argue that they are entitled to summary judgment because Feldhake did not comply with various requirements of the Indiana Tort Claims Act ("ITCA"). We affirm the trial court's grant of summary judgment because Feldhake's complaint did not comply with the ITCA's pleading requirements to sue a government employee individually or its notice requirements.

We affirm.

# Issue

Whether the trial court erred in granting summary judgment in favor of the Defendants.

# Facts

The facts most favorable to Feldhake are that in May 2009, Feldhake was incarcerated at the Plainfield Re-entry Educational Facility, a Department of Correction ("DOC") facility. At that time, Buss was the commissioner of DOC, Lane was the interim superintendent of the facility, and Walters was a maintenance supervisor at the facility. On May 17, 2009, Feldhake was assigned to a crew that was painting a house at the facility owned by DOC.

On May 20, 2009, Feldhake and three other inmates entered the bed of a pickup truck being driven by Walters so that they could go to the house. Once

Feldhake was in the bed of the pickup truck, Walters started it "with a lurch" and accelerated "at an unreasonable rate of acceleration." (App. 13). Feldhake was thrown against the tailgate of the pickup truck. The tailgate opened, and Feldhake fell from the truck. He landed on his head and sustained head, neck, and back injuries.

[5] On May 17, 2011, Feldhake filed a complaint against the Defendants, individually and in their official capacities as employees of the DOC. Feldhake alleged that Walters's operation of the truck had caused his injuries, and that Lane had failed to comply with DOC procedures in reporting the accident.[1] He did not file a notice of tort claim with the Attorney General. On December 2, 2011, the trial court issued a Trial Rule 41(E) order because Feldhake took no other action after filing his complaint. On February 14, 2012, Feldhake filed a motion for default judgment, and the Defendants filed a motion for an enlargement of time. On February 16, 2012, the trial court granted the Defendants' motion for an enlargement of time, and it denied Feldhake's motion for default judgment.

[6] Buss and Walters filed an answer to the complaint on March 16, 2012. Lane was not served with a summons and complaint until August 20, 2012, and she filed her answer on September 11, 2012. On November 1, 2013, the Defendants filed a motion for summary judgment and supporting

---

[1] Feldhake's complaint does not state how Buss was at fault for his injuries.

memorandum arguing, "Plaintiff's claims [were] barred under various provisions of the [ITCA]." (App. 28). On December 30, 2013, Feldhake filed a response with his designation of evidence.

[7] On March 20, 2014, the trial court held a hearing on the motion for summary judgment, and the trial court granted the Defendants' motion four days later. Thereafter, Feldhake filed a motion to correct error, which was subsequently denied. Feldhake now appeals.

## Decision

[8] Feldhake claims that the trial court erred by granting the Defendants' motion for summary judgment.

[9] We review summary judgment *de novo*, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Summary judgment is appropriate only where the designated evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). On review, we may affirm a grant of summary judgment on any grounds supported by the designated evidence. *Catt v. Board of Com'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002).

[10] The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 637 (Ind. 2012). If the moving party meets this burden, then the

non-moving party must designate evidence demonstrating a genuine issue of material fact. *Id.* "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." T.R. 56(E). When a defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Dible v. City of Lafayette*, 713 N.E.2d 269, 272 (Ind. 1999).

"Just as the trial court does, we resolve all questions and view all evidence in the light most favorable to the non-moving party, so as to not improperly deny him his day in court." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1259 (Ind. 2014) (internal citations omitted). We "consciously err[] on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley*, 15 N.E.3d at 1003.

Feldhake makes several procedural arguments that, though not dispositive, should be addressed.

First, he claims that the Defendants' motion for summary judgment was based entirely on defects in his pleading and should have been addressed in a motion to dismiss. However, Feldhake cites no authority requiring the Defendants to file a motion to dismiss before filing a motion for summary judgment. Therefore, his argument is waived. Ind. Appellate Rule 46(A)(8)(a). Waiver

notwithstanding, the Defendants' did not err by choosing to file a motion for summary judgment. Indiana Trial Rule 56(B) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." (emphasis added). In addition—as the Defendants clearly noted—had they filed a motion to dismiss or for judgment on the pleadings, the trial court would have treated it as a motion for summary judgment because Feldhake designated materials outside of the pleadings. *See* T.R. 12(B); (C). Accordingly, the trial rules did not require the Defendants to file a motion to dismiss instead of a motion for summary judgment.

[14] Next, Feldhake claims that the Defendants "made no designations, but only attacked [his] pleadings[,]" thus requiring denial of their motion. (Feldhake's Br. 7). However, the Defendants designated the facts from Feldhake's complaint, which must be treated as true for the purposes of considering a motion for summary judgment. *Cowe by Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind. 1991). Moreover, T.R. 56(C) provides that "[a]t the time of filing the motion or response, a party shall designate to the court all parts of *pleadings*, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for the purposes of the motion. (emphasis added). Again, we find no error here.

[15] Finally, Feldhake claims that the trial court abused its discretion in considering a motion for summary judgment while discovery was ongoing. Yet, as we

previously mentioned, T.R. 56(B) allows a defendant to file for summary judgment at any time. Furthermore, the purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Shelter Ins. Co. v. Woolems*, 759 N.E.2d 1151, 1153 (Ind. Ct. App. 2001), *trans. denied*. Thus, the trial court did not err in considering the motion for summary judgment even though discovery was ongoing. Having addressed Feldhake's procedural claims, we turn our attention to the merits of the motion for summary judgment.

[16] Feldhake essentially claims that he raised a genuine issue of material fact regarding whether Walters's behaved in a manner allowing him to be sued individually, even though Walters was a government employee. *See* INDIANA CODE § 34-13-3-5(c). In response, the Defendants claim that Feldhake failed to comply with the specific pleading requirement under the ITCA, thus making summary judgment appropriate.

[17] In general, a plaintiff may not maintain an action against a government employee if that employee was acting within the scope of his employment. IND. CODE § 34-13-3-5(a). To sue a government employee personally, the plaintiff "must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." I.C. § 34-13-3-5(c).

[18]    Here, Feldhake's complaint failed to allege that any of the Defendants' actions were criminal, outside the scope of their employment, malicious, willful and wanton, or calculated for their benefit. Additionally, Feldhake did not offer any evidence required under INDIANA CODE § 34-13-3-5(c) until the hearing on the motion for summary judgment. We have previously held that when a plaintiff fails to comply with the pleading requirement of INDIANA CODE § 34-13-3-5(c) and does not cure the defect with an amended complaint, the claim against the employee is barred and summary judgment is appropriate. *Miner v. Southwest School Corp.*, 755 N.E.2d 1110, 1115 (Ind. Ct. App. 2001). Accordingly, the trial court did not err in granting summary judgment to the Defendants in their individual capacities.

[19]    However, because Feldhake also sued the Defendants in their official capacities, our analysis does not stop here. Because Feldhake sued the employees in their official capacities, INDIANA CODE § 34-13-3-6 required Feldhake to give notice to the Attorney General or the DOC within two hundred seventy (270) days of his accident.[2] Feldhake was injured on May 20, 2009, and did not submit a notice of tort claim to the Attorney General. Instead, he filed his complaint on May 17, 2011, well beyond the deadline. INDIANA CODE § 34-13-3-9 makes an exception for a plaintiff's incapacitation and grants an additional one hundred eighty (180) days to file a claim after the

---

[2] Though the DOC was not officially named in the complaint, our supreme court has held that "in an action governed by the Trial Rules, designating state employees as defendants by name or position is sufficient to sue a state agency." *Niksich v. Cotton*, 810 N.E.2d 1003, 1007 (Ind. 2004).

incapacity is removed. However, while "[a] prisoner's ability to provide notice in a timely fashion may be impaired by his incarceration, [] the mere status of being incarcerated, without more, by no means renders compliance with the notice statute impossible." *McGill v. Ind. Dep't. of Correction*, 636 N.E.2d 199, 204 (Ind. Ct. App. 1994), *reh'g. denied*. Again, Feldhake filed his complaint almost two years after his accident, and the record is devoid of any plausible reason for Feldhake's delay. Accordingly, we also affirm the trial court's grant of summary judgment based on Feldhake's failure to file his claim in a timely manner.

[20] Affirmed.

Barnes, J., and May, J., concur.