## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 20 2016, 10:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Victoria H. Rybicki
Schererville, Indiana

ATTORNEYS FOR APPELLEE

Neal Bailen
Brian M. Bennett
Stites & Harbison PLLC
Jeffersonville, Indiana

## I N  T H E
# COURT OF APPEALS OF INDIANA

Victoria H. Rybicki,

*Appellant*,

v.

U.S. Bank National Association, Successor Trustee to Bank of America, N.A., as Successor To Lasalle Bank, N.A., as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2,

*Appellee*.

May 20, 2016

Court of Appeals Case No. 45A04-1509-MF-1341

Appeal from the Lake Superior Court

The Honorable Bruce D. Parent, Judge

Trial Court Cause No. 45D04-1203-MF-121

**Brown, Judge.**

[1] Victoria H. Rybicki, *pro se*, appeals the entry of summary judgment in favor of U.S. Bank ("U.S. Bank"). Rybicki raises a number of issues, which we consolidate and restate as whether the trial court erred in granting summary judgment in favor of U.S. Bank. We affirm.

## Facts and Procedural History

[2] On March 9, 2007, Rybicki and Thomas Rybicki executed a promissory note evidencing a loan from "Nationpoint, a Div. of FFFC, an Op. Sub. of MLB&T Co., FSB" ("Nationpoint") in the original amount of $230,400 (the "Note") and a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Nationpoint and its successors and assigns, granting a security interest in certain real property located in Lake County, Indiana, to secure repayment of the loan, which was recorded in the Office of the Recorder for Lake County as document number 2007 023051. Appellee's Appendix at 8. The Note was specially endorsed by Nationpoint to First Franklin Financial Corporation ("First Franklin") and endorsed by First Franklin in blank. Pursuant to an Assignment of Mortgage (the "Assignment") dated October 21, 2011, and recorded October 31, 2011, MERS as nominee for Nationpoint assigned and transferred the Mortgage to U.S. Bank.

[3] On March 29, 2012, U.S. Bank filed a Complaint to Foreclose Mortgage against Rybicki and Thomas Rybicki and attached the Note, Mortgage, and Assignment. The complaint alleged that Rybicki and Thomas Rybicki failed to tender monthly payments as required by the Mortgage and Note, with the initial default occurring for the month of March 2010, and that U.S. Bank

elected to declare the entire balance due and owing. The complaint alleged that as of March 29, 2012, a principal balance on the Note of $227,153.34 and accrued interest totaling $34,573.36 was due and owing, and that the Bank was entitled to interest after that date, reasonable costs and attorney fees, and advances for real estate taxes, insurance, and to preserve its security for the debt. U.S. Bank further alleged that it was a "person entitled to enforce" the Note pursuant to Ind. Code § 26-1-3.1-301(1). *Id.* at 2. It requested the entry of a personal judgment against Rybicki, that the court declare the Mortgage to be a valid and first lien on the property, and that an order be entered foreclosing the Mortgage and directing the sale of the property to satisfy the debt.[1]

[4]  On April 16, 2015, U.S. Bank filed a motion for summary judgment together with a brief in support of the motion and a designation of evidence.[2] U.S. Bank's designated evidence includes an Affidavit of Indebtedness by a document execution specialist of Nationstar Mortgage LLC ("Nationstar"), which services and maintains records for the loan secured by the Mortgage, which states that U.S. Bank, directly or through an agent, has possession of the

---

[1] The complaint also named Bank of America, N.A., and MERS as nominee for Nationpoint as defendants for any interest they may have had in the property under a mortgage in the amount of $57,600 recorded in the Office of the Recorder for Lake County as document number 2007 023652 and alleged that such interest was subordinate and inferior to the interest of U.S. Bank. An August 15, 2012 entry in the chronological case summary ("CCS") states that an amended complaint was filed and a summons sent to Midland Funding, LLC. The record does not contain the amended complaint. The court's entry of summary judgment and decree of foreclosure found that Thomas Rybicki is deceased and was defaulted. The court further found that Bank of America, N.A., MERS as nominee for Nationpoint, and Midland Funding, LLC, failed to appear or respond to the complaint and were defaulted.

[2] According to the CCS, the court had previously granted summary judgment in favor of U.S. Bank in May 2014, and then entered an Order on Agreed Motion to Vacate in November 2014.

Note and held the Note at the time of the filing of the foreclosure complaint, that the Note has been duly endorsed, and that the amounts due on the loan through February 25, 2015, totaled $331,986.13.

[5] Rybicki filed a response arguing that U.S. Bank was not entitled to enforce the Note. U.S. Bank filed a reply and supplemental designated evidence, including an Affidavit of Possession of Original Note by counsel for U.S. Bank stating that, on December 3, 2014, counsel obtained possession of the original Note executed by Rybicki from Nationstar, that counsel has possession of the original Note, that a copy of the Note and all endorsements attached to the Note is attached to the affidavit, and that the Note evidences that Nationpoint specifically endorsed the Note to First Franklin and thereafter First Franklin endorsed the Note in blank.

[6] On July 29, 2015, Rybicki filed a "Verified Motion to Compel Additional/Better Answers to Interrogatories and Additional Records in Response to Requests for Production," stating in part that U.S. Bank's June 19, 2015 answers to her second set of discovery were evasive, incomplete, and otherwise deficient. Appellant's Appendix at 41. Also on July 29, 2015, Rybicki filed a "Verified Motion to Continue Hearing Pending Ongoing and Essential Discovery" which stated that she contemporaneously filed a motion for an order to compel and argued that "[t]he material fact of [U.S. Bank's] authority to act as holder of the [N]ote is in dispute" and that "[t]he matter is not ripe for hearing due to outstanding discovery." Appellee's Appendix at 127, 129. The same day, U.S. Bank filed an objection to Rybicki's motion to

continue, arguing that the summary judgment hearing was scheduled for August 3, 2015, that U.S. Bank had responded to Rybicki's first set of discovery requests on February 9 and 12, 2015, that Rybicki thereafter provided it with a second set of discovery requests, and that U.S. Bank had responded on June 19, 2015. U.S. Bank further stated that the original Note and Mortgage would be presented for inspection at the August 3, 2015 hearing, that it had made the original Note and Mortgage available to Rybicki to examine, and that on no occasion had Rybicki attempted an examination.

[7] On August 3, 2015, the court held a hearing on U.S. Bank's summary judgment motion, at which counsel for the Bank indicated that it had the original Note and Mortgage available for review by the court and Rybicki. When questioned by the court, Rybicki stated she did not make a payment in 2014 or 2015, that she did not recall whether she made payments in 2012 and 2013, and that her husband took care of the finances. When later asked by the court if she made a payment from 2013 through 2015, Rybicki stated that she "didn't pay that," and when asked "[s]o it's not the default part of this that you are contesting," she answered "[y]es, your Honor." Transcript at 22. The court issued an order denying Rybicki's motion to continue the hearing and her motion to compel, stating that her "request to again receive documents could not lead to the development of a material issue of fact." Appellant's Appendix at 22. The court also issued an Entry of Summary Judgment and Decree of Foreclosure in favor of U.S. Bank, finding in part that U.S. Bank "is a valid holder of the [N]ote, endorsed in blank, and entitled to enforce." *Id.* at 24.

## *Discussion*

[8]     The issue is whether the trial court erred in granting summary judgment in favor of U.S. Bank. Although Rybicki is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." *Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 679 n1. (Ind. Ct. App. 2009) (citation omitted), *reh'g denied*, *trans. denied*.

[9]     Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* Under Trial Rule 56(C), the moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Klinker v. First Merchs. Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012). If it is successful, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact. *Id.* In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by

the Indiana Trial Rule 56 materials. *Catt v. Bd. of Comm'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002).

[10] Rybicki contends that U.S. Bank "failed to show it is a rightful 'holder of the instrument' in physical possession" and that "[p]ossession fails to show U.S. Bank received from a previous holder, the sole right to enforce the note, and that the [N]ote was voluntarily delivered with the intention of transferring all rights in said [N]ote." Appellant's Brief at 22. She asserts that "[o]nly a rightful holder with the legal right to do so can declare a default or enforce." *Id.* at 25. Rybicki further argues: "By claiming it was a 'person entitled to enforce,' U.S. Bank invoked the UCC as a matter of law. U.S. Bank 'opened the door'. Ms. Rybicki in turn, as a prudent person propped the door to prevent closure and invoked her protections found in the same body of law." *Id.* at 27. She argues, without citation to authority, that U.S. Bank must provide "complete information about the full chain of ownership and control to know if the person currently in possession is the valid holder." *Id.* at 31. She also argues that she sought this information but that the trial court and U.S. Bank impeded her access to the records.

[11] To the extent Rybicki fails to cite to relevant authority or relevant portions of the record or develop an argument with respect to the issues she attempts to raise on appeal, those arguments are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*.

[12]     Ind. Code § 26-1-3.1-301 provides in part: "'Person entitled to enforce' an instrument means: (1) the holder of the instrument; [or] (2) a nonholder in possession of the instrument who has the rights of a holder; . . . ." Ind. Code § 26-1-1-201(20) provides in part: "'Holder' means . . . the person in possession of a negotiable instrument that is payable either to bearer or to an identified person if the identified person is in possession of the instrument . . . ." Ind. Code § 26-1-1-201(5) provides: "'Bearer' means the person: (A) in control of a negotiable electronic document of title; or (B) in possession of a negotiable instrument, a negotiable tangible document of title, or a certificated security payable to bearer or endorsed in blank." Ind. Code § 26-1-3.1-204(c) provides that, "[f]or the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument."

[13]     U.S. Bank's designated evidence includes a copy of the Note executed by Rybicki and Thomas Rybicki and the endorsements attached to the Note. Rybicki and Thomas Rybicki promised to pay the lender, identified as Nationpoint, the principal amount of the loan plus interest as set forth in the Note. The Note expressly provided that Nationpoint as the lender may transfer the Note, that anyone who takes the Note by transfer would become the Note Holder, and that the Note Holder has the right to repayment under the Note. The endorsements attached to the Note show the Note was endorsed by Nationpoint to First Franklin and endorsed in blank by First Franklin. In addition, the recorded Mortgage, executed by Rybicki and Thomas Rybicki in

favor of MERS as nominee for Nationpoint and its successors and assigns, granted a security interest in the property to secure repayment of the loan, and was assigned, pursuant to the recorded Assignment, to U.S. Bank.

[14] Further, U.S. Bank's designated evidence includes the Affidavit of Indebtedness by a document execution specialist of Nationstar, in which the specialist states that Nationstar services and maintains records for the loan, that she has personal knowledge of the facts in the affidavit based upon a review of Nationstar's business records, that she has personal knowledge of Nationstar's procedures for creating the records, that the records are made at or near the time of the occurrence of the matters by persons with personal knowledge or from information transmitted by persons with personal knowledge, and that the records are made and kept in the ordinary course of Nationstar's business. Among other averments, the specialist states that U.S. Bank, directly or through an agent, has possession of the Note, that the Note has been duly endorsed, and that Nationstar's business records show Rybicki defaulted on the Note and that the amounts due on the loan through February 25, 2015, totaled $331,986.13.

[15] U.S. Bank's designated evidence also includes the Affidavit of Possession of Original Note by counsel for U.S. Bank which states that counsel obtained possession of the original Note from Nationstar, that a copy of the Note and all endorsements attached to the Note is attached to the affidavit, and that the Note evidences that Nationpoint specifically endorsed the Note to First Franklin and that thereafter First Franklin endorsed the Note in blank.

[16] U.S. Bank attached copies of the Note, Mortgage, and Assignment to its Complaint to Foreclose Mortgage, in compliance with Ind. Trial Rule 9.2(A).[3] U.S. Bank also stated in its objection to Rybicki's motion to continue the hearing that the original Note and Mortgage would be presented for inspection at the August 3, 2015 hearing, that it had made the original Note and Mortgage available to Rybicki to examine, and that on no occasion during the matter had Rybicki attempted an examination.[4]

[17] The transcript reveals that Rybicki was shown the original Note during the August 3, 2015 summary judgment hearing. Rybicki indicated that she was living on the property secured by the Mortgage and did not make payments in 2013, 2014, or 2015 and thus was in default.

[18] The designated evidence supports the determination of the trial court that U.S. Bank was a holder of the Note and as such was entitled to enforce it. Further, the designated evidence supports the court's ruling that Rybicki was in default under the terms of the Note and Mortgage. The trial court did not err in

---

[3] Trial Rule 9.2(A) provides in part: "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record."

[4] Trial Rule 9.2(E) provides in part:

> When a copy of a written instrument is filed with or copied in the pleadings under the provisions of this rule, the pleader shall permit inspection of the original unless it is alleged that the original is lost, whether by destruction, theft or otherwise, or unless it is alleged or established that the instrument is in the possession of another person and out of the control of the pleader or that the duty to allow inspection is otherwise excused. The pleader shall allow inspection promptly upon request of a party, and inspection may be ordered by the court upon motion without a hearing at any time.

granting summary judgment in favor of U.S. Bank. *See Collins v. HSBC Bank USA, Nat. Ass'n*, 974 N.E.2d 537, 541 (Ind. Ct. App. 2012) (observing that HSBC Bank USA ("HSBC") presented the original note with the borrower's inked signature and that the note contained the endorsement from a previous lender to HSBC, holding that the only inference to be drawn was that HSBC was the holder and owner of the note and as such was entitled to enforce it, and affirming the trial court's entry of summary judgment in favor of HSBC); *see also Wilmington Sav. Fund Soc., FSB v. Bowling*, 39 N.E.3d 395, 397-399 (Ind. Ct. App. 2015) (noting that a promissory note was endorsed in blank, that possession of the note was transferred several times, and that the designated evidence established that the foreclosing bank was in possession of the original promissory note that was endorsed in blank, and holding that, although possession of the notes was not transferred by special endorsement as required by a certain servicing agreement, the borrower was not a party to the servicing agreement and could not attack the status of the holder by way of invoking the servicing agreement), *reh'g denied*.

In addition, with respect to Rybicki's requests to continue and to compel additional discovery into whether U.S. Bank was entitled to enforce the Note, the decision to grant a continuance of summary judgment deadlines is committed to the sound discretion of the trial court. *Collins*, 974 N.E.2d at 541. It is generally improper for a trial court to grant summary judgment while reasonable discovery requests that bear on issues material to the motion are still pending. *Id.* However, in order to establish that a trial court abused its

discretion in denying a motion for a continuance, the appealing party must show both that good cause existed to grant the motion and that it was prejudiced by the denial. *Id.* Rybicki was not deprived of an opportunity to review copies of the loan documents or the original documents in U.S. Bank's possession. Rybicki does not assert that the endorsements of Nationpoint or First Franklin were invalid, and the endorsements were not a surprise to Rybicki as the Note with endorsements were attached to the complaint. Further discovery could not lead to the development of a material issue of fact. We cannot conclude that Rybicki has shown that good cause existed to grant her requests to continue and to compel, or that she was prejudiced by the denial. The trial court did not abuse its discretion in denying her requests. *See id.* at 541-542 (noting the borrower argued the trial court erred in denying his motion to conduct additional discovery into the ownership of the note, concluding that additional discovery regarding the validity of the assignment from a previous lender to HSBC could not lead to the development of a material fact and that HSBC as the holder of the endorsed note was entitled to enforce it, and holding that the borrower did not show good cause to grant the motion for additional discovery or that he was prejudiced by the denial).

## *Conclusion*

[20] For the foregoing reasons, we affirm the rulings of the trial court and the entry of summary judgment in favor of U.S. Bank.

[21] Affirmed.

Kirsch, J., and Mathias, J., concur.