

FILED

Apr 28 2023, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William O. Harrington
Harrington Law, P.C.
Danville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew G. Cranfill, as Personal Representative of the Estate of Josephine F. Cranfill, Deceased, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> State of Indiana Department of Transportation, <br><br> *Appellee-Defendant.* | April 28, 2023 <br><br> Court of Appeals Case No. 22A-CT-2062 <br><br> Appeal from the Putnam Circuit Court <br><br> The Honorable Matthew L. Headley, Judge <br><br> Trial Court Cause No. 67C01-2006-CT-394 |

**Opinion by Judge Tavitas**
Judges Vaidik and Foley concur.

**Tavitas, Judge.**

## Case Summary

[1] Matthew Cranfill, as personal representative of the Estate of Josephine Cranfill, ("Cranfill") appeals the trial court's grant of summary judgment in favor of the Indiana Department of Transportation ("Department"). After the death of Josephine in a collision at the intersection of a state highway and a county road, Cranfill filed a complaint against the Department and others. Cranfill argued that the Department was negligent by failing to reduce the speed limit of the highway due to a history of collisions at the intersection. The trial court found that the Department was immune pursuant to the Indiana Tort Claims Act ("ITCA"), Indiana Code Chapter 34-13-3, and granted summary judgment to the Department. We agree that the Department is immune from Cranfill's claims based upon the adoption-of-laws immunity provision, and we affirm.

## Issue

[2] Cranfill raises two issues. We, however, address one dispositive issue, which we restate as whether the Department is entitled to immunity under the adoption-of-laws provision of Indiana Code Section 34-13-3-3(a)(8).

## Facts

[3] On October 2, 2019, Josephine was a front seat passenger in a vehicle driven by Isaac Joiner traveling eastbound on County Road 1000 North in Hendricks County. Joiner stopped for a stop sign at the intersection of County Road 1000 North and S.R. 267. Traffic on County Road 1000 North was required to stop at a stop sign at the intersection, but traffic on S.R. 267 was not required to stop

at the intersection. When Joiner attempted to cross S.R. 267, his vehicle was struck by Jerry Jarman's vehicle, which was traveling northbound on S.R. 267. Jarman's vehicle struck the passenger side of Joiner's vehicle, and Josephine died as a result of the collision.

[4] The Department has been aware of the history of "right angle crashes"[1] and safety concerns at this intersection since approximately 2014. Appellant's App. Vol. III p. 181. In 2016, the Department installed additional signage at the intersection, including "Intersection Ahead" warning signs, oversized stop signs, supplemental stop signs, reflective strips on the sign posts, and a "Stop Ahead" warning sign. *Id.* at 73. Additional concerns arose regarding the intersection in the summer of 2019 because I-65 was closed, and detoured traffic was routed to S.R. 267. At the time of the collision, the speed limit on S.R. 267 was fifty-five miles per hour; shortly after the collision, the Department reduced the speed limit to forty-five miles per hour until a traffic signal could be installed.

[5] In October 2019, the Department issued a "Notice of Official Action," which provided:

> Whereas, under and by virtue of the Statutes of the State of Indiana relative to traffic regulation, the [Department] has the authority and the duty to adopt regulations in the interests of the

---

[1] A "right angle crash" involves a "driver that turns off of one of the minor approaches, and either goes straight through or makes a left turn or a right turn . . . [and] gets struck by a high speed car . . . ." Appellant's App. Vol. III p. 181.

safety and convenience of the traveling public using the highways, including streets in cities and towns, under the control of said Department, be it known that the following traffic regulation is hereby adopted.

Speed shall be temporarily regulated on SR 267 in and near Brownsburg, Hendricks County as follows:

All Traffic Temporarily on SR 267 from 700' north of the center of CR 1000 N [ ] to 700' south of the center of CR 1000 N [ ] for a total distance of approximately 1400'. Existing Speed Limit: 55mph. Proposed Speed Limit: 45 mph.

NOTE: This action amends and/or supersedes previous official actions establishing speed limits at the aforementioned location. The temporary speed zone shall be removed at the time of the permanent signal installation or at the discretion of the District Deputy Commissioner.

Appellant's App. Vol. III p. 96. The traffic signal was installed at the intersection in October 2020.

[6] In October 2019, Cranfill filed a complaint against the Department and others, which he later amended in April 2020. As to the Department, Cranfill brought a wrongful death action and alleged negligence by the failure of the Department to maintain the intersection of S.R. 267 and County Road 1000 North in a reasonably safe condition. The Department filed an answer and affirmative defenses and alleged, in part, that it was immune from liability pursuant to Indiana Code Chapter 34-13-3.

[7]    In June 2022, Cranfill filed a motion for partial summary judgment arguing the Department's discretionary function immunity defense is inapplicable. The Department then filed a motion for partial summary judgment and argued that: (1) the Department was immune under the discretionary function provision of Indiana Code Section 34-13-3-3(a)(7) and the adoption-of-laws provision of Indiana Code Section 34-13-3-3(a)(8) from any claims brought by Cranfill that it was negligent in failing to reduce the speed limit; and (2) the Department was immune under Indiana Code Section 34-13-3-3(a)(18) from any claims brought by Cranfill that it was negligent in the design of S. R. 267.[2]

[8]    On August 17, 2022, the trial court granted partial summary judgment to the Department. The trial court found that the Department was entitled to immunity under the adoption-of-laws provision of Indiana Code Section 34-13-3-3(a)(8) and that the Department was entitled to immunity under the discretionary function provision of Indiana Code Section 34-13-3-3(a)(7).

[9]    The Department then filed a motion for entry of final judgment and argued that the trial court's immunity finding was a complete bar to Cranfill's action against the Department. On August 23, 2022, the trial court agreed and found that Cranfill's sole remaining theory of liability related to the Department's failure to implement a reduced speed limit and that the Department was immune from

---

[2] The Department filed a motion to strike certain paragraphs of an affidavit designated by Cranfill. The record, however, does not contain an order addressing the motion to strike.

that claim. Accordingly, the trial court entered final judgment in favor of the Department. Cranfill now appeals.

## Discussion and Decision

[10] Cranfill challenges the trial court's grant of summary judgment to the Department. "'When this Court reviews a grant or denial of a motion for summary judgment, we stand in the shoes of the trial court.'" *Minser v. DeKalb Cnty. Plan Comm'n*, 170 N.E.3d 1093, 1098 (Ind. Ct. App. 2021) (quoting *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020)). "Summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting *Murray v. Indianapolis Pub. Schs.*, 128 N.E.3d 450, 452 (Ind. 2019)); *see also* Ind. Trial Rule 56(C).

[11] The summary judgment movant invokes the burden of making a *prima facie* showing that there is no issue of material fact and that it is entitled to judgment as a matter of law. *Burton*, 140 N.E.3d at 851. The burden shifts to the non-moving party which must then show the existence of a genuine issue of material fact. *Id*. On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party." *Id*.

[12] We review the trial court's ruling on a motion for summary judgment de novo. *G&G Oil Co. of Indiana v. Cont'l W. Ins. Co.,* 165 N.E.3d 82, 86 (Ind. 2021). "We limit our review to the materials designated at the trial level." *Gunderson v. State, Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1175 (Ind. 2018), *cert. denied*.

Because the trial court entered findings of fact and conclusions of law, we also reiterate that findings of fact and conclusions of law entered by the trial court aid our review, but they do not bind us. *In re Supervised Estate of Kent*, 99 N.E.3d 634, 637 (Ind. 2018). Nor is our standard of review or analysis altered by the parties' filing of cross-motions for summary judgment – we simply "consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625, 629 (Ind. 2018) (quoting *SCI Propane, LLC v. Frederick*, 39 N.E.3d 675, 677 (Ind. 2015)).

[13] The parties' arguments concern whether the Department has immunity under the ITCA. "Indiana has long held that the government 'has a common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel.'" *Ladra v. State*, 177 N.E.3d 412, 415 (Ind. 2021) (quoting *Catt v. Bd. of Comm'rs of Knox Cnty.*, 779 N.E.2d 1, 3-4 (Ind. 2002)). "'Pursuant to the ITCA, governmental entities can be subject to liability for tortious conduct unless the conduct is within an immunity granted by Section 3 of [the] ITCA.'" *City of Beech Grove v. Beloat*, 50 N.E.3d 135, 138 (Ind. 2016) (quoting *Veolia Water Indianapolis, LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014)).

[14] Cranfill argues that the Department was negligent for failing to reduce the speed limit on S.R. 267 prior to the October 2019 collision and that the trial court

erred by finding the Department was entitled to immunity.[3]  Although the trial court found the Department is immune pursuant to multiple sections of Indiana Code Section 34-13-3-3(a), we find dispositive the adoption-of-laws provision, subsection (8), which provides:

> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following:
>
> * * * * *
>
> (8) The adoption and enforcement of or failure to adopt or enforce:
>
> > (A) a law (including rules and regulations); or
> >
> > (B) in the case of a public school or charter school, a policy;
>
> unless the act of enforcement constitutes false arrest or false imprisonment.
>
> * * * * *

---

[3] Relying upon *Ladra*, Cranfill argues that the immunity provisions do not apply because the Department knew about a dangerous condition at the intersection and had ample opportunity to respond. *Ladra*, however, pertained to immunity under Indiana Code Section 34-13-3-3(a)(3), not the subsection at issue here.

The Department argues that, under this ITCA provision, it is entitled to immunity for the failure to adopt a lower speed limit on S.R. 267.

[15] In general, the maximum speed limit on a highway is fifty-five miles per hour. *See* Ind. Code § 9-21-5-2(a)(2). The Department, however, has statutory authority to "alter" the maximum speed limits. Ind. Code § 9-21-5-3(2).

> Whenever the Indiana department of transportation determines on the basis of an engineering and traffic investigation that a maximum speed set forth in this chapter is greater or less than is reasonable or safe under the conditions found to exist at an intersection or other place or on part of the state highway system, the Indiana department of transportation **may determine** and declare a reasonable and safe maximum limit at the intersection or on the part of the state highway system.

Ind. Code § 9-21-5-12(a) (emphasis added).

[16] We addressed this same issue in *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind. Ct. App. 1989), *trans. denied*, which we find persuasive here. There, a motorcyclist was seriously injured in a collision that occurred while employees were leaving a factory and turning onto S.R. 19. The speed limit on S.R. 19 was fifty-five miles per hour, and there were no warning signs, signals, or other traffic control devices on S.R. 19 in the vicinity of the factory. The motorcyclist filed a complaint against the factory and the State. The motorcyclist argued, in part, that the State should have reduced the speed limit on S.R. 19 in the area of the factory. The trial court granted summary judgment to the State, and the motorcyclist appealed.

[17]     On appeal, this Court held:

> The State first claims that the 55 mph speed limit on SR 19 in front of [the factory] creates no basis for liability because of IC 34-4-16.5-3(7) [*see now* Indiana Code Section 34-13-3-3(a)(8)] which states:
>
>> (7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment;
>
> The State argues that the establishment of a speed limit is the adoption of a rule or regulation by the State which is immune. Likewise, the State claims, the failure to reduce the speed limit constitutes the failure to adopt a rule or regulation which is also immune. The Indiana General Assembly has established the maximum lawful speed limit on highways as fifty-five (55) miles per hour except when a special hazard exists. IC 9-4-1-57 [*see now* Ind. Code § 9-21-5-2(a)(2)]. **We regard the State's action as adopting a rule or regulation within the plain meaning of the statute.** Where a statute is clear and unambiguous, we only look at its plain meaning. [ ]
>
> The speed limit is alterable by the State Highway Commission pursuant to IC 9-4-1-61 [*see now* Ind. Code § 9-21-5-12(a)] whenever it is determined on the basis of an engineering and traffic investigation that the maximum speed is greater than is reasonable or safe under the conditions found to exist at any place in the state highway system. Gessinger argues that the ability to alter the speed limit is a discretionary decision of the State Highway Commission pursuant to *Peavler* [*v. Bd. of Comm'rs of Monroe Cnty.*, 528 N.E.2d 40 (Ind. 1988)]. However, a distinction exists between the decision by the Highway Commission to change a legislatively enacted speed limit, as in

the present case, and a county's decision to place a warning sign, as in *Peavler*.

* * * * *

Because of these reasons the State is immune from liability for failing to reduce the posted maximum speed limit.

*Holiday Rambler*, 541 N.E.2d at 563-64 (emphasis added).[4]

[18] Our Court has reached similar results in the context of other governmental entities. *See, e.g.*, *Lee ex rel. Estes v. Bartholomew Consol. Sch. Corp.*, 75 N.E.3d 518, 531 (Ind. Ct. App. 2017) ("The wording of Indiana Code section 34-13-3-3(8) makes it clear that the City is immune for any failure to adopt or enforce a law, rule or regulation; as such, the City cannot be liable because it did not erect

---

[4] *Holiday Rambler* also held:

> To determine whether or not a part of the highway is extra hazardous necessitating a reduction in the speed limit pursuant to IC 9-4-1-61 [*see now* Ind. Code § 9-21-5-12(a)], an inspection of the highway would have to be performed. This function of the State Highway Commission would also be immune pursuant to IC 34-4-16.5-3(11) [*see now* Indiana Code Section 34-13-3-3(a)(12)] which states:
>
> > (11) failure to make an inspection, or making an inadequate or negligent inspection, of any property, other than the property of a governmental entity, to determine whether the property complied with or violates any law or contains a hazard to health or safety;

*Holiday Rambler*, 541 N.E.2d at 563-64. Cranfill argues that *Holiday Rambler* is inapplicable here because, under the inspection immunity provision, the property cannot involve property of a governmental entity, and S.R. 267 is the property of a governmental entity. The State contends that application of the adoption-of-laws immunity provision does not require evidence of an engineering and traffic investigation and that the investigation is merely a prerequisite for the Department to reduce the speed limit. We agree with the State.

This paragraph of *Holiday Rambler* merely provided an additional reason for immunity separate from the adoption-of-laws immunity. Here, Cranfill makes no argument regarding the Department's failure to conduct an engineering and traffic investigation, and the parties do not argue that the inspection immunity provisions apply here. The adoption-of-laws immunity provision applies to the failure to adopt a rule and/or regulation—here, the failure to change the speed limit—and it is unnecessary to address the Department's failure to conduct an engineering and traffic investigation as part of the failure to change the speed limit.

a stop sign at the Marr Road crosswalk or enact a lower speed limit."); *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 522 n.20 (Ind. Ct. App. 2005) (holding that "the County would be immune under the Indiana Tort Claims Act for its failure to pass an ordinance to reduce the speed limit on Edgewood Avenue"), *trans. denied*; *Bd. of Comm'rs of Cnty. of Harrison v. Lowe*, 753 N.E.2d 708, 720 (Ind. Ct. App. 2001) (holding that "the County is immune for its failure to adopt ordinances to erect or change the placement of stop signs or to reduce the speed limit at the intersection in question"), *trans. denied*; *Joseph v. LaPorte Cnty.*, 651 N.E.2d 1180, 1183 n.3 (Ind. Ct. App. 1995) ("LaPorte's decision to set the speed limit at forty-five m.p.h. is shielded by immunity from suit under the ITCA as a legislative function."), *trans. denied*.

## Conclusion

[19] The Department's failure to lower the speed limit on S.R. 267 involved the "adoption and enforcement of or failure to adopt or enforce" a rule and/or regulation. *See* I.C. § 34-13-3-3(a)(8). Accordingly, under the ITCA, the Department is immune from liability for Cranfill's claims. Thus, the trial court properly granted summary judgment to the Department. We affirm.

[20] Affirmed.

Vaidik, J., and Foley, J., concur.